ESTATE OF THOMAS E. STEERE, RHODE ISLAND HOSPITAL TRUST COMPANY, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40426.    Filed April 22, 1954.

---

*Thomas R. Wickersham, Esq.*, for the petitioner.
*James H. McGowan, Esq.*, for the respondent.

### OPINION.

RAUM, *Judge:* The Commissioner determined a deficiency in the estate tax of petitioner in the amount of $239,530.83. By an amendment to his answer, the Commissioner claims an increase in such deficiency in the amount of $34,570.84. As a result of concessions by both parties, the sole remaining issue is the one raised by the Commissioner in the amendment to his answer. That issue is whether or not the decedent reserved the power to alter or amend an inter vivos trust created by him so as to cause inclusion of the value of the trust assets in decedent's gross estate under section 811 (d) of the Internal Revenue Code.[1]

The facts have been stipulated and are so found.

Thomas E. Steere (hereinafter referred to also as the decedent) died on February 23, 1949. The estate tax return was filed with the collector of internal revenue at Providence, Rhode Island, on April 4, 1950.

On May 13, 1925, the decedent executed a declaration of trust naming as trustee the Rhode Island Hospital Trust Company. He transferred to the trustee 3 insurance policies on his life to be held in trust in accordance with the terms of the declaration. Prior thereto, he had owned the sole and exclusive interests in the 3 policies; the transfer of the policies to the trustee effected a transfer of such interests. The trustee was substituted as the beneficiary of the policies for his estate, which had previously been the beneficiary. The trust declaration provided, in part, as follows:

Provided, however, that the deposits made herewith and all future deposits as hereinbefore authorized and the trusts hereby declared, are to be considered

---

[1] The amendment to the answer stated that the respondent erred in failing to include in the gross estate the value of the trust assets under the provisions of sections 811 (c), 811 (d), and 811 (g) of the Code. A part of the trust assets was included in the gross estate in determination of the deficiency as set forth in the statutory notice. Petitioner concedes on brief that such inclusion was proper. The respondent makes no argument based on section 811 (c) and we shall treat any contention based on that section as having been abandoned by him.

as made and declared to be, and are made and declared, subject to the condition that I [the decedent] may at any time or from time to time during my life *revoke* any or all of the trusts herein declared *and repossess* myself of any or all of said property or policies, or any thereof, or any part or parts or accumulations of said property as my own sole property freed of all trusts; *or* I may at any time or from time to time add to, *annul, change* or *modify* in any respect whatsoever any of the trusts or powers hereby created or conferred, or any of the dispositions of income or of principal of my said trust estate. [Emphasis supplied.]

On September 23, 1937, the decedent executed a document amending the trust declaration of May 13, 1925. That document stated, in part, as follows:

WHEREAS, it is provided in said deed of trust that I [the decedent] may at any time or from time to time during my life revoke any or all of the trusts therein declared or at any time or from time to time add to, annul, change or modify in any respect whatsoever any of the trusts or powers thereby created or conferred, or any dispositions of income or principal of my said trust estate;

NOW, THEREFORE, in exercise of the power therein retained by me, I do hereby change and modify the terms and provisions of said trust and the powers therein created and conferred, with regard to the property now held by my said trustee under the terms and provisions of said trust, whether principal or income or additions to or accumulations of the same, and notwithstanding any provisions to the contrary in said deed of trust contained, in the following manner:

\* \* \* \* \* \* \*

I hereby declare said deed of trust bearing date of May 13, 1925, as modified by this instrument, to be irrevocable.

In all other respects I hereby ratify and confirm said deed of trust.

The above amendment was the only amendment to the original trust declaration ever made by Steere.

The decedent was the sole contributor to the trust. The property held in such trust had a fair market value of $86,793.71 on February 23, 1949, the date of the decedent's death. The amount reported on petitioner's estate tax return as the total of the decedent's gross estate did not include any amount representing the value of the assets of the trust.

Section 811 (d) is operative if the decedent had the power at the date of his death to "alter," "amend," or "revoke." [2] These powers are spelled out in the alternative, and the existence of any one of them will bring the statute into play. The question before us is whether the 1937 amendment to the original trust had the effect of erasing not only the power to revoke but also the power to alter or amend (which is fairly encompassed by the provision reserving the right to "annul, change or modify in any respect whatsoever").

---

[2] No issue is here presented that turns upon the possible difference between the power to "alter, amend, revoke, or terminate" described in section 811 (d) (1) in connection with transfers made after June 22, 1936, and the power to "alter, amend, or revoke" described in section 811 (d) (2), in connection with transfers made on or prior to June 22, 1936. Cf. *Commissioner* v. *Estate of Holmes*, 326 U. S. 480.

Petitioner does not dispute that, if the decedent possessed the power to alter or amend the trust at the date of his death, the value of the corpus of the trust is includible in the gross estate pursuant to section 811 (d). Did the 1937 amendment have the effect of destroying that power as well as the power to revoke? We think that it did not.

The original 1925 declaration of trust carefully described the power to "revoke * * * and repossess myself * * * " of the corpus, and then, in a wholly separate clause, provided that "I may at any time * * * annul, change or modify in any respect whatsoever any of the trusts or powers * * * or any of the dispositions of income or of principal * * *." The 1937 amendment specifically referred to both the power to "revoke" and the power to "annul, change or modify" and undertook to "change and modify" the terms of the original trust in parts here relevant only by declaring it "to be irrevocable." The 1937 instrument further declared: "In all other respects I hereby ratify and confirm said deed of trust."

We think that in view of the very careful separation of the power to alter or amend, on the one hand, and the power to revoke, on the other hand, the limited provision in the 1937 amendment merely making the trust "irrevocable" is highly persuasive that the decedent did not intend to release his power to alter or amend. The language of the original declaration indicates that by the reservation of the power to revoke the decedent intended to reserve the power "to repossess" for himself the trust assets. The 1937 document gives no indication that he intended to release any power other than such power to repossess the property. Cf. *Estate of Sidney F. Tyler*, 40 B. T. A. 330, affirmed 109 F. 2d 421 (C. A. 3).

Petitioner asserts on brief, though it failed to raise the issue in the pleadings, that the respondent should be estopped from claiming the increased deficiency because decedent paid and respondent accepted a gift tax imposed upon the transfer of the assets in trust. Estoppel is an issue that must be specially pleaded. Cf. *Tide Water Oil Co.*, 29 B. T. A. 1208, 1221; *El Dorado Oil Works*, 46 B. T. A. 994, 998. In any event, even if the issue were properly before us and even if the payment of the gift tax were erroneous, estoppel would not be available as a defense here. Cf. *City Machine & Tool Co.*, 21 T. C. 937, 951; *Gaylord* v. *Commissioner*, 153 F. 2d 408, 416 (C. A. 9); *Guaranty Trust Co.* v. *Commissioner*, 98 F. 2d 62, 66 (C. A. 2). Moreover, it was stipulated by the parties that "any credits on estate tax to which petitioner is entitled as a result of including in the gross estate any property on which a gift tax was paid by Thomas E. Steere will be allowed on a Rule 50 computation."

*Decision will be entered under Rule 50.*