## LODI IRON WORKS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 57120.    Filed January 27, 1958.

*Frank C. Scott, C. P. A.*, for the petitioner.
*Leslie Jones, Esq.*, for the respondent.

---

OPINION.

Van Fossan, *Judge:* The sole question presented is whether respondent correctly determined that the assets received by petitioner from the Lodi Iron Works partnership in return for stock were assets received in a nontaxable exchange within the meaning of section 112 (b) (5), I. R. C. 1939,[1] and thus should be awarded the

---

[1] SEC. 112. RECOGNITION OF GAIN OR LOSS.

(b) EXCHANGES SOLELY IN KIND.—

\* \* \* \* \* \*

(5) TRANSFER TO CORPORATION CONTROLLED BY TRANSFEROR.—No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation : but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange. Where the transferee assumes a liability of a transferor, or where the property of a transferor is transferred subject to a liability, then for the purpose only of determining whether the amount of stock or securities received by each of the transferors is in the proportion required by this paragraph, the amount of such liability (if under subsection (k) it is not to be considered as "other property or money") shall be considered as stock or securities received by such transferor.

same basis for computing depreciation as they would have in the hands of the transferor partnership.[2]

To fall within the provisions of section 112 (b) (5) the property must be transferred solely in exchange for stock or securities, the transferor or transferors must be in control of the corporation immediately after the exchange, and, in the case of an exchange by two or more persons, the amount of stock and securities received by each must be substantially in proportion to his interest in the property prior to the exchange.[3]

For the purposes of this section, "control" is defined as—

the ownership of stock possessing at least 80 per centum of the total combined voting power of all classes of stock entitled to vote and at least 80 per centum of the total number of shares of all other classes of stock of the corporation.[4]

It was represented to the California corporation commissioner that the net value of the assets transferred from the Lodi Iron Works partnership to petitioner was approximately $70,000. This figure was reflected on the financial statement incorporated in the permit to issue stock granted by the corporation commissioner. It was later learned that the net value of these assets had been overstated and they were given a corrected value of approximately $49,000.

The California Corporate Securities Law provides, *inter alia*, that—

Every security of its own issue sold or issued by a company with the authorization of the commissioner but which has been sold or issued in nonconformity with any provision in the permit authorizing the issuance or sale of the security is void.[5]

Petitioner contends that since the permit granted by the California corporation commissioner did not reflect the true value of the assets acquired from the Lodi Iron Works partnership, stock issued by the petitioner was not issued in conformity with the permit and was void. Consequently, petitioner contends the transaction between the partnership and petitioner was not an exchange of stock or securities

---

[2] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property ; except that—

* * * * * *

(8) PROPERTY ACQUIRED BY ISSUANCE OF STOCK OR AS PAID-IN SURPLUS.—If the property was acquired after December 31, 1920, by a corporation—

(A) by the issuance of its stock or securities in connection with a transaction described in section 112 (b) (5) (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money, in addition to such stock or securities), or

(B) as paid-in surplus or as a contribution to capital, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

[3] Sec. 112 (b) (5), I. R. C. 1939, *supra* footnote 1.

[4] Sec. 112 (h), I. R. C. 1939.

[5] Cal. Corp. Code, sec. 26100.

for assets, control of petitioner was not vested in the transferor partnership, and therefore section 112 (b) (5) does not apply.

We find this argument to be without merit. The petitioner may not rely upon its self-asserted failure to comply with its own State law to avoid the effect of a Federal tax statute. *Angelus Building & Investment Co.*, 20 B. T. A. 667 (1930), aff'd. 57 F. 2d 130 (C. A. 9), certiorari denied 286 U. S. 562; *Osburn California Corporation* v. *Welch*, 39 F. 2d 41 (C. A. 9, 1930), certiorari denied 282 U. S. 850; *California Iron Yards Co.* v. *Commissioner*, 47 F. 2d 514 (C. A. 9, 1931).

We must consider the stock as of the time it was issued—7,000 shares of capital stock, 3,500 shares to each of two equal partners—at a stated par value of $10 per share issued during September 1946 in exchange for the assets of the Lodi Iron Works partnership. *Angelus Building & Investment Co., supra.* 3,000 additional shares were placed in escrow for the benefit of the transferor partners.

It is obvious that at the time of or immediately after this transaction the block of stock transferred to the partners amounted to more than 80 per cent of the total issued. The burden of proof of error rests upon the petitioner. On the record it must be concluded that immediately after the exchange the transferor partners were in control of petitioner as defined in section 112 (h), *supra.* For purposes of determining control, only stock actually issued as of the basic date is considered, and the statutory words "immediately after the exchange" require control for no extended period; in fact, momentary control is sufficient. *American Bantam Car Co.*, 11 T. C. 397 (1948), aff'd. 177 F. 2d 513 (C. A. 3, 1949), certiorari denied 339 U. S. 920. The fact that subsequently additional stock was issued to the public for cash does not affect this conclusion. Likewise, the fact that subsequently new stock was issued in exchange for the above stock did not revoke or rescind the original issue for which the assets were actually exchanged.

The transfer of the assets of the Lodi Iron Works partnership to petitioner qualifies as an exchange of stock for assets under the provisions of section 112 (b) (5), I. R. C. 1939. Therefore, the basis of the assets received by petitioner from the transferor partnership is the same as it would be in the hands of the transferor.[6]

Petitioner argues on brief that respondent, by failing to alter petitioner's deductions for depreciation on the return for the fiscal year ended May 31, 1951, has waived his right to object to the same basis for the other years involved in his determination. This is in essence an argument by estoppel and as such must fail. No evidence was produced of petitioner's reliance upon respondent's act, nor was

[6] Sec. 113 (a) (8), I. R. C. 1939, *supra* footnote 2.

estoppel specially pleaded. *Estate of Thomas E. Steere*, 22 T. C. 79 (1954), affirmed sub nom. *Rhode Island Hosp. Tr. Co.* v. *Commissioner*, 219 F. 2d 923 (C. A. 1, 1955).

*Decision will be entered for the respondent.*