PLEASANT HILLS, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pleasant Hills, Inc. v. Commissioner
Docket No. 884-73.
United States Tax Court
T.C. Memo 1975-252; 1975 Tax Ct. Memo LEXIS 121; 34 T.C.M. (CCH) 1085; T.C.M. (RIA) 750252; July 30, 1975, Filed Glenn W. Jones, Jr., for the petitioner. Thomas J. Miller, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: $ Respondent determined deficiencies in petitioner's Federal income tax for its fiscal years ending July 31, 1967, and July 31, 1968, in the amounts of $47,445.86 and $1,404.50, respectively. Some of the *122 issues have been disposed of by agreement of the parties, leaving for decision whether petitioner is entitled to the taxable status of a small business corporation under the provisions of sections 1371-1379, I.R.C. 1954, [1] for its taxable years ending July 31, 1967 and 1968. All of the facts have been stipulated and are found accordingly. Petitioner was incorporated on January 1, 1962, under the laws of the State of Arkansas. At the time its petition in this case was filed petitioner's principal place of business was Little Rock, Arkansas. Petitioner filed a United States Small Business Corporation Tax Return (Form 1120-S) for each of its fiscal years ending July 31, 1967 and 1968 with the District Director of Internal Revenue, Little Rock, Arkansas. Upon its incorporation, 50 shares of petitioner's stock were issued to Walter H. Green and 50 shares to Josephine Graham. A timely election under section 1372(a) was filed by petitioner for its taxable year ending July 31, 1963. Petitioner's returns for its taxable years ending July 31, 1964, July 31, 1965, and July 31, 1966 were audited by respondent's agents. *123 As a result of that audit, respondent determined that petitioner ceased to qualify as a small business corporation under section 1371(a) on the ground that it had issued more than one class of stock. During the audit, respondent did not question whether petitioner's election under section 1372 (a) should be terminated under the provisions of section 1372(e)(5) because more than 20 percent of its receipts was passive investment income within the meaning of section 1372(e) (5). Petitioner contested respondent's determination for its taxable years ending July 31, 1964, July 31, 1965, and July 31, 1966, by filing suit for refund of income taxes for those years in the United States District Court for the Eastern District of Arkansas (Civil No. LR-70-C-88). That suit has since been dismissed. Petitioner's gross receipts for its taxable year ending July 31, 1963, were as follows: Interest income
$1,718.57
Rental income
3,499.18
Miscellaneous income
966.26
Sales - gross sales price
Lansford Farm
2,000.00
Hull High
4,300.00
R. Street
3,680.00
Installment sales - cash
received
Michael Dr.
658.75
Highway 10
844.83
Petitioner's gross receipts for its taxable *124 year ending July 31, 1966, were as follows: Interest income
$1,586.93
Rental income
6,997.00
Miscellaneous income
24.90
Sales - gross sales price
12th Street
16,000.00
Griffon
2,000.00
Martin
570.66
Pride
6,666.67
Installment sales - cash
received
Michael Dr.
523.62
Zion Street
494.37
Conway Pike
273.07
Respondent in his notice of deficiency to petitioner for the years here in issue determined that petitioner was not eligible to elect the taxable status of a small business corporation under the provisions of subchapter S for its taxable years ending July 31, 1967, and July 31, 1968, since its election previously made had been terminated on prior audit and the required time under section 1372(f), [2] before petitioner could again elect to be treated for tax purposes as a small business corporation, had not elapsed. In the alternative, respondent determined that petitioner's election under section 1372 was terminated under the provisions of section 1372(e)(5)(A) because passive investment income constituted more than 20 percent of its gross receipts in its fiscal years ending July 31, 1963 and July 31, 1966. *125 Petitioner in this case contends that respondent's determination as to its fiscal years ending July 31, 1964, 1965 and 1966 that it had a second class of stock was erroneous. Although there is nothing in this fully stipulated case to show the facts on which respondent based his determination as to petitioner's fiscal years ending July 31, 1964, 1965 and 1966 that petitioner had issued more than one class of stock, petitioner argues that an obligation of petitioner to the shareholders which was in fact a loan creating a bona fide debt was treated by respondent in that determination as a second class of stock. Section 1371(a)[3] defines a small business corporation as a domestic corporation, not a member of an affiliated group, having no more than 10 shareholders, none of whom is a person (other than an estate) which is not an individual and none of whom is a nonresident alien and not having "more than one class of stock." *126 Petitioner argues that numerous cases have rejected determinations of respondent that debts owed to a corporate shareholder constitute a second class of stock citing, among others, W. C. Gamman,46 T.C. 1 (1966); James L. Stinnett, Jr.,54 T.C. 221 (1970); and Estate of William M. Allison,57 T.C. 174 (1971). Whether the holding in any of these cases would be applicable to petitioner's case, we cannot tell. There is nothing in the record before us to show that the "second class of stock" determined by respondent to be issued by petitioner was an instrument which as petitioner claims purported to be an agreement of a loan by Graham to petitioner, or whether there was a "second class of stock" in form and substance issued by petitioner. The case petitioner brought in the United States District Court for the Eastern District of Arkansas as to its fiscal years 1964, 1965 and 1966 was dismissed with the result that respondent's determination as to these years has not been overruled. It follows that petitioner's election under section 1372(a) was terminated by respondent's action as to its fiscal years 1964, 1965 and 1966. We therefore *127 hold that petitioner's election of the taxable status of a small business corporation was terminated as of its fiscal year 1964 and under the provisions of section 1372(f), petitioner is not eligible to again elect under section 1372(a) to be a small business corporation for the taxable years here in issue. Although section 1.1372-5 (a), Income Tax Regs., [4] provides that the full 5-year waiting period is not always required, there is nothing in this record to indicate that petitioner has made any request in accordance with this requlation to elect under section 1372(a) or whether it has any grounds on which such a request could be properly based. *128 Our sustaining of respondent on the first basis for his determination in this case disposes of the only issue presented. However, it is clearly apparent in this case that petitioner had passive investment income in excess of 20 percent of its gross receipts in each of its fiscal years 1963 and 1966. Section 1372(e)(5) [5] provides that an election under section 1372(a) shall terminate if for any taxable year the corporation has passive investment income which constitutes more than 20 percent of its gross receipts. *129 The parties have stipulated the gross receipts for the taxable years ended July 31, 1963, and July 31, 1966, and have also agreed to the characterization of those receipts. This stipulation shows that petitioner's gross receipts for purposes of subchapter S for the taxable year ending July 31, 1963, were $17,667.59, of which a total of $5,217.75 was characterized as interest and rental income. The gross receipts for petitioner's taxable year ending July 31, 1966, were $35,137.22, of which a total of $8,583.93 was characterized as interest and rental income. Petitioner concedes that the categories designated as rental and interest income fit within the meanings of these terms as used in section 1372(e)(5)(C). Therefore, petitioner's election under the provisions of section 1372(a) was terminated for its taxable year ending July 31, 1963, under the provisions of section 1372(e)(5)(A). [6] Also, the same result would be reached for petitioner's taxable year ending July 31, 1966. *130 Petitioner has asserted that respondent should be estopped from raising the passive investment income alternative in the statutory notice of deficiency. It is petitioner's contention that because the passive income issue was not raised when petitioner's returns for its taxable years ending July 31, 1964, July 31, 1965, and July 31, 1966 were audited, respondent should be prevented from making a determination of a termination of election based on section 1372(e)(5) as to petitioner's fiscal years ending July 31, 1967 and 1968. It is well settled law that the doctrine of estoppel does not act as a bar to prevent the Commissioner from correcting a mistake of law. Automobile Club of Michigan v. Commissioner,353 U.S. 180 (1957). The parties have stipulated that the passive investment income issue was not raised during the course of the audit by respondent of petitioner's returns for its taxable years ending July 31, 1964, July 31, 1965, and July 31, 1966. The fact that petitioner's income tax returns had been examined on a prior audit makes no difference as to the applicability of estoppel in this case. The Commissioner is correcting a mistake of law with respect *131 to years other than those involved in the prior audit. Respondent is not estopped from taking a different position in later years where he has overlooked the taxability of items in prior years. David O. Rose,55 T.C. 28 (1970). Petitioner has not alleged that any false or fraudulent representations were made by any internal revenue agent. See Bookwalter v. Mayer,345 F. 2d 476, 478 (8th Cir. 1965). Petitioner has not pleaded estoppel as a defense, nor has it offered any evidence to show reliance upon respondent's prior acts. See Lodi Iron Works, Inc.,29 T.C. 696 (1958), and Massaglia v. Commissioner,286 F. 2d 258 (10th Cir. 1961), affirming 33 T.C. 379 (1959). On the basis of the facts in this record we sustain respondent's determination. Decision will be entered for respondent.
Footnotes
1. All references herein are to the Internal Revenue Code of 1954.↩
2. Sec. 1372(f) Election After Termination.--If a small business corporation has made an election under subsection (a) and if such election has been terminated or revoked under subsection (e), such corporation (and any successor corporation) shall not be eligible to make an election under subsection (a) for any taxable year prior to its fifth taxable year which begins after the first taxable year for which such termination or revocation is effective, unless the Secretary or his delegate consents to such election.↩
3. SEC. 1371. DEFINITIONS. (a) Small Business Corporation.--For purposes of this subchapter, the term "small business corporation" means a domestic corporation which is not a member of an affiliated group (as defined in section 1504) and which does not-- (1) have more than 10 shareholders; (2) have as a shareholder a person (other than an estate) who is not an individual; (3) have a nonresident alien as a shareholder; and (4) have more than one class of stock.↩
4. Sec. 1.1372-5 Election after termination. (a) In general.↩ If a corporation has made a valid election and such election has been terminated, such corporation (or any successor corporation) is not eligible to make a new election for any taxable year prior to its fifth taxable year which begins after the first taxable year for which such termination is effective, unless consent to such new election is given by the Commissioner. The burden will be on the corporation to establish that under the relevant facts the Commissioner should consent to a new election. The fact that more than 50 percent of the stock in the corporation is owned by persons who did not own any stock in the corporation during the first taxable year for which the termination is applicable will tend to establish that consent should be granted. In the absence of such fact, consent will ordinarily be denied unless it can be shown that the event causing the termination was not reasonably within the control of the corporation or shareholders having a substantial interest in the corporation, and was not part of a plan to terminate the election in which plan such shareholders participated.
5. Sec. 1372(e)(5) Passive investment income.-- (A) Except as provided in subparagraph (B), an election under subsection (a) made by a small business corporation shall terminate if, for any taxable year of the corporation for which the election is in effect, such corporation has gross receipts more than 20 percent of which is passive investment income. Such termination shall be effective for the taxable year of the corporation in which it has gross receipts of such amount, and for all succeeding taxable years of the corporation. (B) Subparagraph (A) shall not apply with respect to a taxable year in which a small business corporation has gross receipts more than 20 percent of which is passive investment income, if-- (i) such taxable year is the first taxable year in which the corporation commenced the active conduct of any trade or business or the next succeeding taxable year; and (ii) the amount of passive investment income for such taxable year is less than $3,000. (C) For purposes of this paragraph, the term "passive investment income" means gross receipts derived from royalties, rents, dividends, interest, annuities, and sales or exchanges of stock or securities (gross receipts from such sales or exchanges being taken into account for purposes of this paragraph only to the extent of gains therefrom).↩
6. For the taxable year ending July 31, 1963, interest and rental income was approximately 24 percent of the gross receipts. For the taxable year ending July 31, 1966, the figure was approximately 30 percent.↩