HANNIG and another, Appellants, vs. MUELLER and others, Respondents.

*April 14 — May 3, 1892.*

(1) *Trusts and trustees: Instruments construed together: Mistake in name of beneficiary: Vesting of estates.* (2) *Tax titles: Tenants in common.*

1. M. and wife, and their son John and his wife, conveyed certain land to one K., who on the same day conveyed it back to John, and he, also on the same day, executed a bond to his father and mother to the effect that they should have the use, rents, and profits of the

| 82 | 235 |
| 90 | 521 |
| 82 | 235 |
| 95 | 458 |
| 82 | 235 |
| 108 | 630 |
| 82 | 235 |
| 112 | [1]518 |
| 82 | 235 |
| e114 | [2]630 |
| 114 | [2]631 |

Hannig and another vs. Mueller and others.

land, and that it had been deeded to him "in trust for the bene-fit of the children" of the said M. and wife, "excepting Charles, who has received his portion of the property of his father, namely, August, John, Eliza (daughter), Julius, Pauline, Robert, Rudolph," the property to be equally divided among the said children on the death of M. and wife, according to the law in case of a person dying intestate. M. and wife had no daughter Eliza, but had a daughter Louise, whom they intended should be named as a benefi-ciary in the bond. They had, however, a granddaughter Eliza, daughter of John, the trustee. *Held:*

(1) The deeds and bond, having been executed at the same time and for the same common purpose, must be construed together as one instrument.

(2) By them, so construed, the title was conveyed to John in trust for the children of M. and wife, who retained, however, the right to the possession and the rents and profits of the land; and this, under sec. 2073, R. S., gave M. and wife a legal life estate in the land.

(3) The trust was in favor of the children of M. and wife except Charles, and the name of their daughter Louise should be substi-tuted in the bond for that of their granddaughter Eliza.

(4) The trust being purely passive, the estate did not vest in the trustee as such, but, under sec. 2075, R. S., passed directly to said children of M. and wife as tenants in common, subject to the life estates of their father and mother.

2. A tenant in common of land cannot acquire a tax title thereto and hold it adversely to his cotenants. The acquisition of such title merely operates, as against his cotenants, as a payment of the tax.

APPEAL from the Superior Court of *Milwaukee* County.

This action was commenced March 5, 1890. The com-plaint, among other things, alleges, in effect, that on and prior to April 25, 1860, Carl Mueller and Elizabeth Mueller, his wife, and John F. W. Mueller and the defendant *Ma-thilda*, his wife, owned and held the legal title to the prem-ises described, and executed and delivered to one Victor Koenemann a quitclaim deed of the same, which was re-corded; that on the same day Koenemann and wife exe-cuted and delivered to the said John F. W. Mueller a deed of the same premises, which was recorded; that, on the

same day, said John F. W. Mueller executed and delivered to said Carl and Elizabeth Mueller a bond, declaring, in effect, that Carl and Elizabeth Mueller are to have the use, rents, and profits of the premises, and that said John F. W. Mueller had thus received and held the title to said lands in trust for the benefit of the children of the said Carl and Elizabeth Mueller, except one of them (Charles G.), namely, August, John F. W., "*Eliza* (daughter)," Julius, Pauline, Robert, and Rudolph. The complaint further alleged, in effect, that the plaintiffs claimed title to said premises under and by virtue of a tax deed executed October 2, 1882, and recorded October 3, 1883, and other mesne conveyances; and prayed judgment that the plaintiffs' title to the premises be established as against the defendants, claiming as beneficiaries under said trust, or either of them, and that the defendants, each of them, disclaim and release all title, right, and claim to said premises adverse to the plaintiffs, and be forever barred therefrom.

A portion of the defendants answered, and among other things, by way of counterclaim, alleged that the plaintiff *Louise Hannig* is one of the children of the said Carl and Elizabeth Mueller, and is referred to in said bond under the name of "Eliza (daughter)," and asked to have the same reformed accordingly, and claimed that the purchase of the tax title by the said *Louise*, as one of the cotenants of said premises, was in effect a payment of taxes and an extinguishment of the tax deed. Other defendants answered by guardians and attorneys similarly.

At the close of the trial the court found, as matters of fact, in effect, that April 25, 1860, Carl and Elizabeth Mueller, and John F. W. Mueller and wife (their names being also spelled Miller), claiming to hold the legal title to the premises described, deeded the same to Victor Koenemann on that day by quitclaim deed which was recorded; that on the same day Koenemann and wife deeded said premises

to John F. W. Mueller (spelled Miller in said deed) by deed, reciting a consideration of $500, which was duly recorded; that on the same day said John F. W. Mueller made, executed, and delivered to the said Carl and Elizabeth Mueller a certain bond or instrument in writing of the same date, reciting a consideration of $500, and a description of said premises as being the same described in said deeds, and declaring that the said Carl and Elizabeth should have the use, rents, and profits of said land, and that the same was so deeded to him " in trust for the benefit of the children of the said Carl and Elizabeth Miller (excepting Charles G. Miller, who has received his portion of the property of his said father, Carl Miller), namely, August Miller, John F. W. Miller, ' Eliza (daughter),' Julius Miller, Pauline Miller, Robert Miller, Rudolph Miller, which above-described property shall be equally divided or be equally distributed among the said children above named, on the death of the said Carl Miller and Elizabeth Miller, his wife, according to the laws of the state of Wisconsin in such cases made and provided, of a person dying intestate," with further agreements on the part of the said John F. W. Miller, as such trustee; that said two deeds and said bond, so executed and delivered April 25, 1860, were all executed and delivered at the same time and as parts of one and the same transaction, and that at the time of their execution and delivery the children of said Carl and Elizabeth Mueller then living were named as follows: August Mueller, John F. W. Mueller, *Louise Hannig*, Julius Mueller, Pauline Mueller, Robert Mueller, and Rudolph Mueller, also Charles G. Mueller; that all of said children were, at the time of the commencement of this action, deceased, except the said *Louise Hannig*, the plaintiff, and all died intestate; that the several defendants herein are descendants and heirs at law of the said children of the said Carl and Elizabeth Mueller, other than the said Charles G., or the widows of

such children; that it was the intention of the parties to the transaction and instruments made April 25, 1860, that the said plaintiff *Louise Hannig* should be named in said bond as one of the children of the said Carl and Elizabeth Mueller, and the words " Eliza (daughter)," in said bond, were intended to name her, and were inserted in said bond by mistake, instead of the words "*Louise Hannig*," her true and correct name, and that the plaintiff and the said Carl and Elizabeth Mueller supposed and believed, for many years after the execution of the said bond, that the plaintiff's name was therein as one of said children; that the tax deed was taken and recorded as mentioned; that at the date of said tax sale and of the making and execution of said tax deed the said Elizabeth Mueller was in possession of the premises by a tenant, and received the rents thereof; that she continued to hold such possession and to receive such rents without interruption from the date of said tax deed until her death in November, 1885; that said Carl Mueller, named in said bond, died November 12, 1863, and said Elizabeth Mueller, his wife, died November 5, 1885; that February 8, 1890, the plaintiff *Louise Hannig* executed and delivered to the plaintiff the *Joseph Schlitz Brewing Company* a deed of said premises, reciting a consideration of $4,400, and the same was recorded February 10, 1890; that the said company has paid the said *Louise* thereon only the sum of $1,000, reserving the balance until she should establish her title to the premises and her right to convey the same.

As conclusions of law, the court found, in effect, that said bond or instrument in writing, dated April 25, 1860, was and is a good and valid declaration of trust by the said John F. W. Mueller in favor of the said Carl and Elizabeth Mueller for their lives, and then for their children and heirs at law after their death, except the said Charles G. Mueller; that said bond or declaration of trust with said two

deeds so executed April 25, 1860, are to be construed and interpreted together as one instrument, and their effect in law was to vest a life estate in said premises in the said Carl and Elizabeth Mueller for their lives and the life of the survivor of them, and to pass the title of said premises in fee to all the said children of the said Carl and Elizabeth Mueller (except the said Charles G. Mueller) named and referred to in said bond, including the said plaintiff *Louise*, and their heirs and assigns, subject to the said life estates: that the said *Louise Hannig* was incapacitated to acquire a valid title or interest in said premises adverse to the said Carl and Elizabeth Mueller, or either of them, or adverse to her co-owners under said bond; that the conveyance of said tax title interest to her operated in law to extinguish and discharge any claim which the grantee in the tax deed might have had under the same to said premises; that said Elizabeth Mueller, having been in the continued possession of said premises from the date of the recording of the said tax deed for more than three years thereafter, the right of the plaintiff to claim title to said premises, under and by virtue of such tax title, became and was effectually barred by the statutes of limitations; that the defendants who have pleaded a counterclaim are entitled to have judgment thereon, correcting and reforming the said bond or declaration of trust by striking out the word "Eliza" where it occurs in said instrument, and inserting therein, in place thereof, the words "*Louise Hannig*," so as to make said instrument express the true intent and meaning of the parties to the same; that said deed by the said *Louise Hannig* to the said *Joseph Schlitz Brewing Company* was and is void as against the defendants and each and every one of them, and is of no force or effect, except to convey the undivided one-seventh of the said premises to which the plaintiff *Louise* was entitled under said bond or the declaration of the trust, as one of the children and heirs at law of the said

Carl and Elizabeth Mueller. From the judgment entered accordingly the plaintiffs appeal.

For the appellants there was a brief by *McKenney & Wambold*, and oral argument by *J. C. McKenney*.

For the respondents there was a brief by *S. W. Granger;* and for the respondents *Fredericke Mueller* and others there was a brief by *Joshua Stark;*. and the cause was argued orally by *Mr. Stark*.

CASSODAY, J. The findings of fact mentioned in the foregoing statement are fully sustained by the evidence. The deed from Carl and Elizabeth Mueller and John F. W. Mueller and wife to Koenemann, and the deed from Koenemann and wife back to John F. W. Mueller, and the bond or declaration of trust of John F. W. Mueller back to Carl and Elizabeth Mueller, each and all related to the same subject matter and were executed substantially at the same time, to wit, April 25, 1860, and for the same common purpose, and must, therefore, in determining the character of the transaction and the intention of the parties, be construed together as constituting one paper in law. *Herbst v. Lowe*, 65 Wis. 320; *Winner v. Hoyt*, 66 Wis. 234; *Joy v. St. Louis*, 138 U. S. 38. So construed, it is very obvious that said John F. W. Mueller took such title to the lands in question under an agreement that the said Carl and Elizabeth should have the use, rents, and profits thereof during their lives, respectively, and that he should hold the same in trust for the benefit of the children of the said Carl and Elizabeth Mueller, except Charles G., who had previously received his portion of his father's estate. This express exception of the one repels any implied intention of excluding any of the other children of Carl and Elizabeth. Counsel for the plaintiffs frankly concede that both Carl and Elizabeth intended that the plaintiff *Louise Hannig* should be named in the bond, and for a long time be-

lieved she was so named therein, but they insist that the testimony clearly shows that the trustee therein named did not so intend, but "that he deliberately and intentionally caused the name of his daughter to be inserted in said bond, and the name of the plaintiff to be omitted therefrom." If this is true, then it is a frank confession that such trustee deliberately and intentionally practiced a gross fraud upon his father, mother, and sister, at the very inception of the trust, by surreptitiously inserting the name of his own daughter, and purposely excluding the name of his own sister. Whether a court of equity would ever be justified in establishing and confirming such a fraud is, to say the least, extremely doubtful. *New York Mut. L. Co. v. Armstrong,* 117 U. S. 591; *Riggs v. Palmer,* 115 N. Y. 506; *Schreiner v. High Court of I. C. O. of F.* 35 Ill. App. 576; *In re Wilson,* 8 Wis. 171; *Will of Ladd,* 60 Wis. 193. See, also, *Owens v. Owens,* 100 N. C. 240; *Shellenberger v. Ransom,* 31 Neb. 61. But the declaration of trust has not left the identity of the beneficiaries in doubt. They were not only to be the children of Carl and Elizabeth, but the property was to be equally divided or distributed among said children on the death of Carl and Elizabeth, "according to the laws of the state of Wisconsin in such case made and provided, of a person *dying intestate.*" The plaintiff *Louise* was one of the children who would thus have taken by such intestacy. Besides, it was "Eliza" the "(*daughter*)" who was thus to take, and not Eliza the granddaughter. By construing "Eliza (daughter)" to mean *Louise,* the daughter of Carl and Elizabeth, we have the seven beneficiaries named, to correspond exactly with their seven children, after excluding Charles G. as mentioned,— and they are named in the order of their births, from the oldest to the youngest,—" Eliza (daughter)," occupying the place where *Louise* should have been. Such construction may certainly be indulged to prevent disinheritance. *Baker v. Estate of McLeod,* 79 Wis. 543, 544.

As indicated, the two deeds and the declaration of trust, executed April 25, 1860, are to be construed together as one paper in law.  Carl and Elizabeth Mueller thereby retained the right to the actual possession of the land in question, together with the right to receive the rents and profits thereof during their respective lives, and this gave them, under our statute, a legal estate therein of the same quality and duration and subject to the same conditions as their beneficial interest.  Sec. 2073, R. S.  By the three papers executed April 25, 1860, mentioned, Carl and Elizabeth Mueller, through Koenemann, conveyed their title and interest in said lands to John F. W. Mueller in trust for, or to the use of, their seven children therein named; and, since such trust was purely passive in its requirements, it is obvious that under our statute no estate or interest, legal or equitable, vested in such trustee, but passed directly to the seven children of the said Carl and Elizabeth, as the beneficiaries therein.  Sec. 2075, R. S.[1] *White v. Fitzgerald,* 19 Wis. 480; *Goodrich v. Milwaukee,* 24 Wis. 430; *Ruth v. Oberbrunner,* 40 Wis. 238; *Smith v. Ford,* 48 Wis. 133; *Skinner v. James,* 69 Wis. 610.  Such being the nature of the estate created by the transaction of April 25, 1860, it is manifest that the legal title to the land in question thereupon became vested in the seven children named, including the plaintiff *Louise,* as tenants in common, subject to the life estates of their father and mother mentioned.  The plaintiff *Louise* continued to be such tenant in common with her brothers and sister and the defendants as their heirs at law, respectively, from that

[1] Sec. 2075, R. S., provides that "every disposition of lands, . . . except as otherwise provided in these statutes, shall be directly to the person in whom the right to the possession and the profits shall be intended to be vested, . . . and if made . . . in trust for or to the use of another, no estate or interest, legal or equitable, shall vest in the trustee."— REP.

time down to the time of her conveyance to the *Joseph Schlitz Brewing Company*, February 8, 1890. The result is that the plaintiff *Louise* was such tenant in common at the time she acquired the tax title of the premises in question, March 5, 1883; and hence she could not take or hold the same adversely to the defendants as such cotenants. *Smith v. Lewis*, 20 Wis. 350; *Jones v. Davis*, 24 Wis. 229; *Phelan v. Boylan*, 25 Wis. 679; *McMahan v. McGraw*, 26 Wis. 614; *Frentz v. Klotsch*, 28 Wis. 312; *Bennett v. Keehn*, 57 Wis. 582; *Newton v. Marshall*, 62 Wis. 13; *Burchard v. Roberts*, 70 Wis. 118. Such acquisition of the tax title by the plaintiff *Louise* simply operated, as against the defendants, as a payment of the tax and an extinguishment of the tax title.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.