WILL OF FITTON: FITTÓN, Appellant, vs. FIRST NATIONAL BANK & TRUST COMPANY OF RACINE, Executor, and others, Respondents.

*March 7—April 2, 1935.*

For the appellant there was a brief by *Beck, Smith & Heft,* attorneys, and *G. E. Smalley* of counsel, all of Racine, and oral argument by *L. H. Smith.*

For the respondent First National Bank & Trust Company of Racine there was a brief by *Thompson, Myers & Helm* of Racine, and oral argument by *Frederick P. Helm.*

*Max W. Heck* of Racine, guardian *ad litem* for Wanda Ziehl.

For the respondents Anna McMahon, Mrs. Henry Krause, and James Graves there was a brief by *Fox & Fox* of Chilton.

WICKHEM, J.   The original will of the testatrix devises the residue of her estate to the Manufacturers' National Bank & Trust Company of Racine, in trust, to pay her son, John C. Fitton, during his lifetime, the net income, and upon his death to pay the net income to his wife, "should he have a wife, or wife and children surviving him, for her or their support and maintenance during the lifetime of such wife, and upon her death to deliver to my son's children the estate remaining at such time in the hands of my said trustee, to share and share alike."   It was provided that in the event the son "shall not be survived by a wife and children, or wife or child, it is my will that the income of the trust fund" shall be paid to certain charitable organizations.   The codicil revokes the charitable bequest and contains the following provisions:

"In the event my son, John C. Fitton, shall not be survived by a wife and/or children, it is my will that the trust hereby created shall be closed and the assets thereof distributed to the legal heirs of John C. Fitton under the laws of the state of Wisconsin."

Testatrix died May 10, 1933, leaving as her sole heir her son, John C. Fitton.   Within two months thereafter the son died, leaving as his sole heir his wife, Violet Stolberg-Fitton,

the appellant herein. There were no children born to John and Violet Fitton.

The first question presented by this appeal is: To whom does the remainder pass upon the termination of the life estates created by the will? The will makes no disposition of the remainder in the situation presented here. There is a provision against the contingency of John C. Fitton's death without wife or children, but none in the event that he leaves surviving him a wife but no children. Since the latter event has happened, and since the failure occurs in the residuary clause, there is an intestacy as to the remainder. Respondent's contention that since the will limits the son to a life interest, and since a life estate in the wife follows his death, should she survive him, he is to be eliminated as sole legal heir of the testatrix, thus letting in as her heirs at her death certain of her blood relatives other than the son. In so far as this contention is based upon the assumed intention of the testatrix to limit her son to a life estate, it must fail for the reason that it has already been determined that there is an intestacy as to the remainder, and, if this is so, the will cannot affect the devolution provided by law in such a contingency.

The contention that the situation is somehow affected by the fact that a life interest in the wife of John C. Fitton was to follow his death, in case she survived him, is also without merit. In tracing the devolution of an intestate remainder, the character of the precedent estates created by the will are of no materiality. John C. Fitton took the remainder as sole legal heir of testatrix, and appellant takes as his sole heir. The cases of *Webber v. Webber,* 108 Wis. 626, 84 N. W. 896; *Benner v. Mauer,* 133 Wis. 325, 113 N. W. 663; *Eggleston v. Swartz,* 145 Wis. 106, 129 N. W. 48; and *Perkins v. Burlington L. & I. Co.* 112 Wis. 509, 88 N. W. 648, are not in point. Three of these cases involved the construction of wills, and one involved the construction of a deed of trust. In each the remainder was effectively disposed of by the instrument under consideration.

We therefore hold that the remainder in fee is in appellant, and the next question is whether, since she has a life interest in trust by the will, and the remainder by inheritance, a merger results which terminates the trust. The will contains a power of sale and other provisions appropriate to accomplish an equitable conversion, and the residuary estate is therefore to be treated as personalty. *Becker v. Chester,* 115 Wis. 90, 91 N. W. 87, 650; *Will of Schilling,* 205 Wis. 259, 237 N. W. 122. The principles governing equitable conversion are fully discussed in these cases, and, since no question is raised upon this point, the matter will receive no further comment here.

The general rule with respect to merger is thus stated in *Bowlin v. Citizens Bank & T. Co.* 131 Ark. 97, 198 S. W. 288, 289, 2 A. L. R. 575, 577:

"Appellants contend that under the doctrine of merger of estates and acceleration of remainders, the trust was terminated when the beneficiaries of the life estate acquired the interest of the remaindermen. As a general rule this is true when the estates, both legal and equitable, unite in the same person, but otherwise, if the merger is held in·abeyance by the clear intent or purpose of the trust."

As in the case above cited, it is contended that the trust was terminated when appellant, the sole beneficiary of the life estate, became also the sole remainderman, and this contention is clearly sound unless the "merger is held in abeyance by the clear intent or purpose of the trust." Respondent cites *Will of Hamburger,* 185 Wis. 270, 201 N. W. 267. In that case testator devised the property in question to trustees to pay the net income to his wife and "subject only to this bequest in trust for and during the life of my said wife, the principal of this bequest is given, devised, and bequeathed to my wife to become her sole and separate estate, to be disposed of by her, by will or otherwise; and if she do not so dispose of it, to become upon her death part of her intestate estate." It was there contended that since the life interest and the re-

mainder merged in the widow, the trust was terminable by her. This court held that the paramount question was the ascertainment of the intention of the testator, and that it was the duty of the court, in such a situation, to uphold this intention when ascertained, despite the wishes of the beneficiaries. It was held, with respect to the will under examination, that it was the manifest intention of the testator to make the estate in remainder subject to the trust; that the purpose of the testator was to make certain that during her life the widow should have every comfort suitable to her rank in life, and be relieved of the burdens and hazards involved in complete control and management of the estate. The court declined to hold that there was a merger or that the trust could be terminated. It is to be noted that in the *Hamburger Case* the remainder went to the widow, by the terms of the will, and that the provisions of the trust were for her sole benefit. In such a situation the court could read out of the will a deliberate purpose to keep separate the legal and equitable estates, because only by this means could the purpose of the will to protect the widow be adequately carried out.

An examination of the will in this case will not support such a conclusion. The purpose of creating a trust during the life of the wife was principally to preserve the remainder in fee for the children of John C. Fitton, in case there were any. The indifference of the testatrix as to the disposition of the remainder in case there were no children sufficiently discloses the absence of any purpose to prevent a merger should the equitable and legal estates ultimately vest in the same person. There is nothing in the will to indicate that the intent of the testatrix or the purpose of the trust will be defeated if the trust is terminated at this time by operation of the doctrine of merger. The mere fact that testatrix directed the property to be held in trust, and the income paid to appellant for life, is not sufficient to indicate such an intent and purpose as were found in the *Hamburger Case*. If it were otherwise, the doctrine of merger would have no operation. The court must be

able to find some purpose of the trust that will be defeated by a merger. We find none here. The purpose of the trust to preserve the estate for the children being beyond accomplishment, we hold that there was a merger. This results in a reversal.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with this opinion. No costs to be taxed upon this appeal; clerk's fees to be paid by appellant.