## EVANS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10683.

United States Court of Appeals
Third Circuit.

Argued May 8, 1952.
Decided July 10, 1952.

Philip A. Bregy, Philadelphia, Pa. (Morse Garwood, Harold Evans, Philadelphia, Pa., MacCoy, Evans & Lewis, Philadelphia, Pa., on the brief), for petitioner.

George F. Lynch, Washington, D. C. (Ellis N. Slack, Acting Asst. Atty. Gen., A. F. Prescott, Fred E. Youngman, Spe. Assts. to Atty. Gen., on the brief), for respondent.

Before MARIS, GOODRICH and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

The single issue raised on this appeal is whether the terms and scheme of a trust indenture are such as to enable a valuation of a beneficiary's present interest in the trusted property which will support a claim of the settlor to a gift tax exemption under the familiar statutory exclusion of the first $3,000 given to any person during a taxable year. The Tax Court rejected the claimed exemption.

In 1945, the taxpayer by a single trust instrument set up separate and identical trusts for her six children. During that year she paid into the trust fund for each child the sum of $2,500. She added $5,000 more for each child in 1946. The deed of trust provided:

"1. (a) During the lifetime of each such child Trustees shall pay the net income in quarterly or other convenient installments to him or her, even though a minor, and in addition such sum or sums from principal as in the uncontrolled discretion of the corporate trustee shall be necessary for the education, comfort and support of such child, or of the spouse or children of such child.

"(b) Each child after attaining the age of thirty (30) years shall have the right to withdraw principal of his or her trust to an amount not exceeding one thousand dollars ($1,000) in any one calendar year."

The trust indenture then provided for gifts over to others of the remaining principal on the death of a child.

In tax returns filed for 1945 and 1946, taxpayer claimed that the life estate which each child received in the sums given in trust for his or her benefit qualified for the gift tax exclusion under Section 1003 of the Internal Revenue Code, 26 U.S.C. § 1003 (1946 ed.). That Section reads in part:

"(b) Exclusions from gifts

\* \* \* \* \* \*

(3) *Gifts after 1942.* In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year."

The taxpayer has conceded that under the terms of the trust, any right of a child to receive principal is a future interest and as such cannot qualify for exclusion under Section 1003. On the other hand, the government has conceded that the right of each child to receive income from the trust principal is a present interest acquired by gift. But the government insists that since each of the life estates was, under the terms of the deed of trust, subject to termination at any time by transfer to the beneficiary of the entire principal, it was impossible

to assign to the life estate any calculated value as a gift in present enjoyment.

Taxpayer, on the other hand, has pointed out that each child's presently beneficial right to income from the entire estate held in trust could not in practical effect be diminished by the child's future receipt of the principal itself. She contends that any distribution of principal which might occur would merely have the economic effect of adding beneficial incidents of ownership to those which the child already possessed.

The Tax Court resolved this dispute in favor of the Collector, relying largely upon Kniep v. Commissioner, 8 Cir., 1949, 172 F.2d 755. But we think that case only partially answers the argument of this taxpayer. There, unlike here, the present right of a child to receive income prior to his receipt of principal was itself subject to diminution by periodic payments of principal to other beneficiaries.

The present issue was decided, however, in both Sensenbrenner v. Commissioner, 7 Cir., 1943, 134 F.2d 883, and Fisher v. Commissioner, 9 Cir., 1942, 132 F.2d 383. In both cases there were present gifts of income from principal held in trust followed by a provision for payment of principal to the same beneficiary in the future, with a gift over in the event of death before the time of distribution. And in rejecting the claims of the taxpayers to a valuation of the present gifts based on the right of a child to receive income from the entire principal for life, both courts held that the taxing statute compelled a division of that which each child received by gift into present and future interests and that the right of each child to principal must be characterized as a separate and distinct future interest, not to be considered in any evaluation of the life estate.

We agree. A future interest, for gift tax purposes, is distinguished from a present interest simply by the fact that it is "limited to commence in use, possession, or enjoyment at some future date or time", Treasury Regulation 108, Sec. 86.11; United States v. Pelzer, 1941, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913; Wisotzkey v. Commissioner, 3 Cir., 1944, 144 F.2d 632; not, as the taxpayer intimates, by the fact that it is without presently ascertainable economic value. Though the "apprehended difficulty, in many instances, of determining the number of eventual donees and the values of their respective gifts", which Congress assigned as the reason for denying the $3,000 tax exemption to gifts of future interests, see House Committee Report No. 708, 72d Cong., 1st Sess., p. 29 and Senate Committee Report No. 665, 72d Cong., 1st Sess., p. 41, may have no application to this case, the statutory denial contained no exception. Whether for administrative convenience or for some other reason Congress saw fit to treat all gifts of future interests alike. Consequently, we are compelled to conclude that the right of each child in the instant case, as of the beneficiaries in the Fisher and Sensenbrenner cases, to enjoy the incidents of absolute ownership in the principal, including the right to exploit its potential for producing income, is a future interest because it did not commence in enjoyment at the time the gifts were made. Moreover, the opportunity to derive income inherent in absolute ownership of property is not in legal contemplation the same as or a continuation of the right of a cestui que trust to receive income which a trustee may realize from trust investment. Thus the prospect that the cestui will become absolute owner has no consequence in the nature of merger of interests such as might result in different circumstances between a life estate and a following vested remainder.

In brief, the terms of the present trust may enable us to ascribe a minimum combined value to the present and future interests of each beneficiary. But we cannot ascertain their values separately. Neither are we justified, for gift tax purposes, in treating them as if merged into a single present interest. The donor expressly divided the rights of each beneficiary into those of present and those of future enjoyment and must, accordingly, accept the tax consequences of that division.

The decision of the Tax Court will be affirmed.