Kinzer, Appellant, v. Bidwill and others, Respondents.

*No. 23. Argued September 11, 1972.—Decided October 3, 1972.*
(Also reported in 201 N. W. 2d 9.)

For the appellant there were briefs by *Whyte, Hirschboeck, Minahan, Harding & Harland, S.C.*, attorneys, and *James D. Wing* of counsel, all of Milwaukee, and oral argument by *Mr. Wing.*

For the respondents there was a brief by *Godfrey, Neshek & Worth, S.C.*, and *Richard A. Howarth, Jr.*, all of Elkhorn, and oral argument by *Thomas G. Godfrey.*

ROBERT W. HANSEN, J. The trial court here did three things:

(1) Held the land trust to be void, finding it to be a passive trust;

(2) Found the parties to the trust to be tenants in common, each entitled to bring suit for partition;

(3) Held the trust, while void, to be a valid agreement, and reformed such agreement to prohibit development of the back property until 1980.

Appellant challenges the trial court's reforming the agreement of the parties to create an equitable servitude banning development of the back property until 1980.

Respondents contend that the trial court should have further reformed the agreement of the parties to prohibit partition, and that appellant should be estopped from asserting his right to partition.

However, the rights of the parties as tenants in common under an agreement and the right of the court to reform such agreement on the basis of mutual mistake [1] are before the trial court only if the land trust is

---

[1] For a court to grant reformation there must be clear, convincing evidence that, through mutual mistake of the parties, the instrument does not set forth the actual intended agreement of the parties. *See: Shearer v. Dunn County Farmers Mut. Ins. Co.* (1968), 39 Wis. 2d 240, 159 N. W. 2d 89; *Newmister v. Carmichael*

void. If the trust is a valid one, its provisions determine and control the rights of the parties for the life of the trust. So the initial inquiry must be as to whether this land trust is void or valid.

The trial court held that, by its terms and on its face, the land trust here was a passive trust. A trust is passive if the trustee has no active duties to perform,[2] and in this state passive trusts have been abolished and legal title goes to the beneficiaries of the trust.[3] Trusts in this state have been held to be passive where the trustee had no active duties to perform,[4] and where the trust instrument stated the beneficiaries should have the management and control of the property, and the trustee was to have no duties to perform.[5]

While specific findings or reasons are not spelled out, it is clear that the trial court held that the various provisions of the trust dealing with leasing, development, selling or mortgaging the property made it a passive trust. In such major areas, the trust provides that the trustee can act only after being directed to do so by four sixths of the shareholders. The trial court concluded: "Basically the trustee has no duties regarding

(1966), 29 Wis. 2d 573, 139 N. W. 2d 572; *Jewell v. United Fire & Casualty Co.* (1964), 25 Wis. 2d 509, 131 N. W. 2d 276. In addition, there must be a clear showing that the parties had actually agreed upon facts different than those set forth in the instrument. *See: Holton State Bank v. Greater Milwaukee Food Merchants Asso.* (1960), 9 Wis. 2d 95, 100 N. W. 2d 322; *Jeske v. General Accident Fire & Life Assur. Corp.* (1957), 1 Wis. 2d 70, 83 N. W. 2d 167; *Kadow v. Aluminum Specialty Co.* (1948), 253 Wis. 76, 33 N. W. 2d 236.

[2] *Boyle v. Kempkin* (1943), 243 Wis. 86, 9 N. W. 2d 589.

[3] Sec. 231.05, Stats. *See: Hannig v. Mueller* (1892), 82 Wis. 235, 52 N. W. 98; *Sullivan v. Bruhling* (1886), 66 Wis. 472, 29 N. W. 211; *Riehl v. Bingenheimer* (1871), 28 Wis. 84.

[4] *Boyle v. Kempkin, supra,* at page 90.

[5] *Janura v. Fencl* (1952), 261 Wis. 179, 52 N. W. 2d 144.

said real estate without and until such time as directed by four sixths of the beneficiaries in writing. . . ."

One begins with the evident purpose of this trust to maintain the 75-acre tract of land in its natural or undeveloped state, at least until four sixths of the beneficiaries agree to a particular use or development. Ordinarily, it is true, it is the duty of a trustee under a land trust to maximize income, collect rents and promote commercial use of the property placed in trust. Here both purpose and result are to maintain the ecological status quo, the property to be kept by the trustee undeveloped unless four sixths of the shareholders direct otherwise. The land in question is by the trust kept out of the possession, use and control of the individual shareholders. Possession, use and control are placed in the trustee and it is to administer the corpus in such a way as to carry out the purpose of the trust and maximize the benefits to all of the beneficiaries. There is evidence that the purpose of the trust was to administer the back property so as to "protect" the beneficiaries' lakefront property. But, aside from that, a trust intended and resulting in the likely maintenance of property in its natural, undeveloped state is not made "passive" by that fact. Where the individual beneficiaries have no right to possession, use or control of the property, the duty of the trustee to prevent development, partition or sale by individual beneficiaries,[6] unless directed by four sixths so to do, is an active responsibility, not an absence of responsibility.

Additionally, the trustee under this trust does have active duties, and is actually performing such duties. Article V of the trust instrument provides that: "Subject

---

[6] The instance where beneficiaries rented the land to a local farmer for grazing, without contacting the trustee, is noted as a violation of the trust provisions. It falls short of either a termination or continuing disregard of the provisions of the trust.

to the provisions of Articles III and IV, the Trustee is empowered to do any act it considers to be for the best interest of the trust estate. . . ." Testimony of the assistant secretary to the trust company, serving as trustee, uncontradicted, establishes that the trustee maintains liability insurance on the property, checks the taxes and pays the taxes each year, handled inquiries from parties desiring to buy or list the property for sale, bills and collects moneys from the beneficiaries for the payment of taxes, insurance and tree removal. This court has held that the single act of enforcing payment of rent and taxes was sufficient to make a trust an active trust.[7]

Many years ago, this court stated the rule or standard to be: ". . . If there are any active duties for the [trustee] to perform with respect to administering the property, and the primary use be expressly or impliedly, by reason of such active duty, vested in the trustee, the trust is necessarily active . . . ."[8] Here the trustee had active duties to perform and did perform them. Here the individual shareowner relinquished to the trust the right to sell, lease or partition, subject only to directions given to the trustee by four sixths of the shareholders. Here the purpose and result of the trust was to prevent sale, lease or development of portions of the 75-acre tract. Put together, we hold the trust here to be an active trust, not passive and not void.

It follows that the rights of appellant and respondents are not those of tenants in common, but those of shareholders and beneficiaries of a valid land trust agreement. It follows that appellant is not entitled to bring suit for partition while the trust is in effect, to wit, until 1980. It follows that appellant's right to dispose of his one-sixth beneficial interest in the trust is to be con-

---

[7] *Patton v. Patrick* (1904), 123 Wis. 218, 101 N. W. 408.

[8] *Holmes v. Walter* (1903), 118 Wis. 409, 416, 417, 95 N. W. 380.

trolled by the terms of the trust agreement.[9] It follows that there is no reason to determine what the status of the parties would be if the trust was void, and no right to reform any agreement of the parties found to exist with the trust held void.

*By the Court.*—Judgment and order reversed, with directions to dismiss the complaint of plaintiff in suit for partition.

---

[9] Article VI of the trust entitled "Assignment of Interest" provides:

"No assignment of any beneficial interest hereunder shall be valid or binding on the parties hereto, or their successors, until the original or a duplicate of the assignment is lodged with the Trustee and the Trustee shall mail written notices to each of the then beneficiaries hereunder of any such assignment."