**Jacob W. BLASDEL and Ruth Alice Blasdel, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 73-1284
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 21, 1973.

John A. Bailey, Houston, Tex., for petitioners-appellants.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., U. S. Dept. of Justice, Lee H. Henkel, Jr., Chief Counsel, I. R. S., Washington, D. C., for respondent-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Company of New

York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

This is an appeal from the United States Tax Court, 58 T.C. 1014. It involves a determination of whether certain interests conveyed from the appellants to the donees are "future interests" and therefore not entitled to the $3,000 annual gift tax exclusion. We affirm the decision below.

In 1967, appellants transferred 290 acres of farm land to the Edgewood Farm Trust and named themselves as beneficiaries. They then executed gift agreements transferring fractional shares of their interests in the trust to eighteen family members (their children, the children's spouses, and their grandchildren). The farm land had generated very little income, so the trust was created to allow the trustee to sell the land in small parcels and distribute the proceeds to the twenty beneficiaries. But under the Powers of the Trustee, § VII of the trust instrument provided:

"The trustee shall make periodic disbursements of the income and corpus of the trust, provided that all beneficiaries of the trust are in accord and unanimously agree that such distribution be made. Should it not be possible to obtain unanimous approval of all the beneficiaries, and should a majority of the beneficiaries be desirous that a distribution be made, the trustee will be authorized to make such distribution provided that it be authorized by a majority vote of the members of the Board of Directors of the Rosenberg State Bank."

On the authority of Ryerson v. United States, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917 (1941), and Howe v. United States, 7 Cir., 1944, 142 F.2d 310, the Tax Court held that the disbursement of income and corpus conditional on (1) unanimous agreement of the twenty beneficiaries, or (2) majority approval of the beneficiaries and majority approval of the directors of a local bank constituted "future interests in property" within the meaning of § 2503(b), I.R.C. 1954.

Since the receipt of income is contingent upon an event, the language in Chanin v. United States, 1968, 393 F.2d 972, 183 Ct.Cl. 840 is applicable:

"Unless the donee is entitled *unconditionally* to present use, possession, or enjoyment of property transferred, gift is one of future interest for which no gift tax exclusion is operable". [Emphasis added]

The judgment of the Tax Court is

Affirmed.