ARTHUR W. CLARK, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

VIRGINIA CLARK, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 3253-73, 3296-73.    Filed October 28, 1975.

*John H. Gerlach,* for the petitioners.
*Michael W. Ford,* for the respondent.

OPINION

The first issue is whether Arthur W. Clark's gifts of principal interests in stocks he had earlier conveyed to four Clifford trusts to the income beneficiaries thereof constituted gifts of future interests. Section 2503(b) allows an annual gift tax exclusion of $3,000 per donee, but "gifts of future interests in property" do not qualify.[8] Petitioners contend the gifts were not gifts of future interests, while respondent claims the contrary is true.

Section 25.2503-3(a), Gift Tax Regs., defines "future interests" as follows:

"Future interest" is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported, by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time. * * *

This definition, or its similarly worded predecessor, has been approved repeatedly. *Commissioner v. Disston*, 325 U.S. 442, 446 (1945); *Fondren v. Commissioner*, 324 U.S. 18, 20 (1945); *Ryerson v. United States*, 312 U.S. 405, 409 (1941); *United States v. Pelzer*, 312 U.S. 399, 403 (1941); *Jacob W. Blasdel*, 58 T.C. 1014, 1017 (1972), affd. 478 F. 2d 226 (5th Cir. 1973); *Frank T. Quatman*, 54 T.C. 339, 341 (1970). We therefore must determine whether Arthur S. Clark and Robert W. Clark, the trust income beneficiaries, were entitled to enjoy the interests transferred immediately upon execution of the deeds of gift.

Although the regulation's definition is controlling as to whether an interest is a "future interest" within the meaning of section 2503(b), State law determines what interest actually was conveyed. We accordingly must look to the terms of the trusts, *Fondren v. Commissioner, supra* at 21, and Wisconsin law to determine whether the beneficiaries had the right to present enjoyment of the interests conveyed.

The trust agreement reserved no power of termination, modification, or amendment. Petitioners accordingly have advanced several arguments to support their claim that the income beneficiaries were entitled under Wisconsin law to all

---

[8] Sec. 2503(b) provided during the years in question, in part, as follows:

(b) EXCLUSIONS FROM GIFTS.—In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for purposes of subsection (a), be included in the total amount of gifts made during such year. * * *

rights in and full possession of the shares of stock described in the deeds of gift immediately following execution of those deeds.

Petitioners' first argument, with which we agree, is as follows: Arthur W. Clark retained the right to receive the principal (shares of CW stock) from four Clifford trusts upon termination of those trusts if he were alive at that time. He executed deeds of gift giving his right upon termination to receive some of those shares of CW stock to the income beneficiaries of the trusts. Those beneficiaries accordingly had all vested interests in the shares described in the deeds of gift, viz., the right to receive income from the shares during the terms of the trusts and the right to receive the shares themselves upon termination. Under Wisconsin law, those interests were legally fused under the common law doctrine of merger, and the beneficiaries were considered to own those shares completely. This complete ownership legally resulted in a partial termination of each trust for those shares. Accordingly, the beneficiaries were entitled under Wisconsin law to immediate delivery of those shares. Since the beneficiaries were thus entitled to the "use, possession, or enjoyment" of the interests conveyed in the deeds of gifts immediately upon execution of those deeds, and since the gift tax is based on what the donee receives rather than what the donor parted with, the gifts amounted to gifts of present interests and thus qualified for the annual donee exclusion of $3,000 provided by section 2503(b).

The common law doctrine of merger is thus a cornerstone of petitioners' argument; it may be defined as follows:

> A merger, at law, is defined to be where a greater estate and a less coincide and meet in one and the same person, in one and the same right, without any intermediate estate. The less estate is immediately annihilated, or, in the law phrase, is said to be merged—that is, sunk or drowned—in the greater. Thus, if there be a tenant for years, and the reversion in fee simple descends to or is purchased by him, the term of years is merged in the inheritance. * * * (Citing numerous authorities.) [27 Words & Phrases 204 (perm. ed.).]

This common law doctrine has long been recognized in Wisconsin. See *Horlick v. Sidley,* 241 Wis. 81, 3 N.W. 2d 710, 717 (1942); *In re Fitton's Will,* 218 Wis. 63, 259 N.W. 718, 720 (1935); *In re Hamburger's Will,* 185 Wis. 270, 201 N.W. 267 (1924); Bauhs, "Revocation of Inter Vivos Trusts under Section 231.50 of the Wisconsin Statutes," 48 Marq. L. Rev. 376, 391 (1964). Furthermore, under Wisconsin law "The court must be

able to find some purpose of the trust that will be defeated by a merger" before it will refuse to find that a merger has occurred. *In re Fitton's Will,* 259 N.W. at 720. Accordingly, frustration of the settlor's intent would prevent a merger. *Horlick v. Sidley,* 3 N.W. 2d at 717; *In re Fitton's Will, supra; In re Hamburger's Will, supra.* In this case, however, the only proven purpose of the trusts was "to take the income out of Mr. Clark's income and give it to his two sons during this ten-year period." Similarly, the purpose of the deeds of gift was to convey all of Mr. Clark's remaining principal interest in the CW stock subject to the deeds of gift. Merger and partial termination of the trusts would thus not frustrate the settlor's purpose herein, and under Wisconsin law the interests held by the beneficiaries would thus merge.

Respondent contends that partial termination by merger was prevented because the stock was in the hands of an outside trustee, or, in other words, the trustee's legal title to the stock prevented-termination because there was no merger of legal and equitable interests. Wisconsin law is and has been to the contrary, however, as the Supreme Court of Wisconsin stated in *Kinzer v. Bidwill,* 55 Wis. 2d 749, 201 N.W. 2d 9, 11 (1972):

A trust is passive if the trustee has no active duties to perform, and in this state passive trusts have been abolished and legal title goes to the beneficiaries of the trust. [Fn. ref. omitted.]

Cf. *In re Fitton's Will, supra,* in which the Supreme Court of Wisconsin held that a merger occurred, resulting in termination of the testamentary trust therein, where one person had acquired all equitable interests, even though the trust property was held and administered by an outside bank; and *In re Hamburger's Will, supra,* in which the Supreme Court of Wisconsin held that no merger occurred solely because frustration of the settlor's intent would result; that an outside trust company held trust corpus was not deemed significant of mention. We find this case similar in this regard. See also *Holmes v. Walter,* 118 Wis. 409, 95 N.W. 380, 382 (1903); 50 A.L.R. 2d 1165, n. 9.

We note that Wisconsin statutory law during the years in issue on revocation of trusts is consistent with the Wisconsin cases cited above. Section 231.50, Wis. Stat. Ann. (1961),[9] provided

---

[9] (1) By unanimous written consent of the creator and all persons in being beneficially interested in a trust in real or personal property or any part thereof heretofore or hereafter created, such trust may be revoked, terminated or modified as to the whole or such part thereof.

that a trust could be revoked, terminated, or modified by unanimous written consent of its creator and all persons in being who were beneficially interested.[10] Part 3 thereof stated that "Nothing in this section shall inhibit the revocation, termination or modification of any trust pursuant to its terms *or otherwise in accordance with law."* [Emphasis added.] The latter provision has been specifically interpreted as allowing, among other methods, termination of a trust by merger, and this is consistent with the strong policy and purpose behind section 231.50 favoring easier revocation of inter vivos trusts. Bauhs, "Revocation of Inter Vivos Trusts under Section 231.50 of the Wisconsin Statutes," 48 Marq. L. Rev. 376 (1964).

Following merger of interests in only some portions of a trust, the generally accepted rule is that pro tanto merger and termination of a trust occurs to the extent of merged interests. See generally 50 A.L.R. 2d 1184. We are aware of no conflict of Wisconsin law with that common law rule; furthermore, it is clear under Wisconsin law that a trust will be fully terminated following complete merger of all interests therein. See *Kinzer v. Bidwill, supra; In re Fitton's Will,* 259 N.W. at 720. Accordingly, we accept petitioners' contention that a merger and partial termination occurred here under Wisconsin law for that part of each trust holding the shares described in each deed of gift.

Respondent argues that, as a matter of substance over form, petitioner should not be allowed to invoke the doctrine of merger to convert what admittedly were, under the gift tax laws, future interests in the hands of Arthur W. Clark to present interests in the income beneficiaries' hands. We disagree, as "the interest upon which the gift tax is based is not that which the donor parted with, but that which the donee receives. Helvering v.

---

*  *  *

(3) Nothing in this section shall inhibit the revocation, termination or modification of any trust pursuant to its terms or otherwise in accordance with law. No trust shall be subject to revocation, termination or modification by the creator alone solely by reason of this section.

[10] Petitioners assert that it was necessary for the income beneficiaries to have signed stock powers for the stock to have been transferred from their nominee names to their normal names in 1966 and 1971 and that the income beneficiaries' signatures on the stock powers, together with Arthur W. Clark's signature on the deeds of gift, constituted the unanimous written consent required by sec. 231.50, Wis. Stat. Ann. (1961). Petitioners failed to prove that the income beneficiaries signed anything, however, and they thereby failed to carry their burden of proof on this point. *Wichita Terminal Elevator Co.,* 6 T.C. 1158, 1165 (1946), affd. 162 F. 2d 513 (10th Cir. 1947).

Hutchings, 312 U.S. 393." *Wisotzkey v. Commissioner,* 144 F. 2d 632, 636 (3d Cir. 1944), affg. a Memorandum Opinion of this Court.

Furthermore, we recognize that one person can have both a present interest in the income from property and a future interest in the use, possession, or enjoyment of that property's corpus, *Sensenbrenner v. Commissioner,* 134 F. 2d 883, 886 (7th Cir. 1943), affg. 46 B.T.A. 713 (1942); *Fisher v. Commissioner,* 132 F. 2d 383, 386 (9th Cir. 1942), affg. 45 B.T.A. 958 (1941); that "The disposal of property in trust under an agreement deferring distribution of principal may be regarded, for Federal gift tax purposes, as a twofold transfer creating one interest in the income and another in the principal." *Herrmann's Estate v. Commissioner,* 235 F. 2d 440, 443 (5th Cir. 1956), affg. a Memorandum Opinion of this Court; accord, *Frank T. Quatman,* 54 T.C. 339, 341 (1970); and that this distinction is maintained even where the gifts of income interest and principal are to the same person. *Wisotzkey v. Commissioner,* 144 F. 2d 632, 636 (3d Cir. 1944), affg. a Memorandum Opinion of this Court; *Charles v. Hassett,* 43 F. Supp. 432, 435 (D.Mass. 1942). Thus, ownership of income and principal interests in a trust does not automatically cause a merger of such interests. In the above cases and other cases cited by respondent, however, (1) trust terms or State law prevented a merger, or (2) the donor intended a separation of income and principal interests, and the rule in Wisconsin, as demonstrated earlier and elsewhere, is that merger will not be applied to terminate a trust where the donor's intent is otherwise. *Wisotzkey v. Commissioner, supra* at 636; Bogert, Trusts and Trustees, sec. 1003 (2d ed. 1962). The above cases are therefore clearly distinguishable.

Respondent has cited three Federal tax cases to support his assertion that merger is a doctrine which is applied by courts of equity and which has no vitality in the scheme of Federal taxation. In the gift tax cases of *Wisotzkey v. Commissioner, supra* at 636, and *Evans v. Commissioner,* 198 F. 2d 435, 437 (3d Cir. 1952), affg. 17 T.C. 206 (1952), however, the Third Circuit refused to apply the doctrine of merger because of contrary trust spendthrift clauses, because legal title remained with trustees (a doctrine which, as demonstrated above, is inapplicable herein), or because the settlor's intent was clearly otherwise, not because it felt the doctrine could not be applied in the proper circumstances.

And in the income tax case of *Bell v. Harrison*, 212 F. 2d 253 (7th Cir. 1954), respondent's contention that merger prevented amortization of a purchased life estate by a trust's remainderman was rejected because the Court determined that amortization was the proper treatment for such an asset, not because the doctrine of merger could not be involved in a Federal tax case. Indeed, the Seventh Circuit, to which appeal would lie herein, commented on several Federal income tax cases in which that doctrine was in issue without even inferring that the doctrine was wrongfully invoked therein.

That actual transfer of shares described in the deeds of gift did not immediately follow those deeds does not prejudice petitioners' position. The fact that title to those shares did not immediately pass from the trustees to Arthur S. Clark and Robert W. Clark did not change their immediate rights thereto. Cf. *Kieckhefer v. Commissioner*, 189 F. 2d 118 (7th Cir. 1951), revg. 15 T.C. 111 (1950), in which interposition of a guardian did not adversely affect minor beneficiaries' present rights to trust assets. Furthermore, there is no indication that the trustee's failure to act in immediate response to the deeds of gift and the trustee's failure to reduce the number of shares reported on the trusts' fiduciary income tax returns after each deed of gift were due to an interpretation of beneficiaries' rights inconsistent with petitioners' position. Indeed, the trustee did in fact transfer CW shares described in the deeds of gift well before termination of both the 1957 and 1967 trusts.

Finally, we are aware of no prohibition in Wisconsin law against destruction by merger of the executory interests created by alternate dispositions of the trusts' principal should Arthur W. Clark fail to survive until termination of the trusts.

We accordingly hold that the gifts of Arthur W. Clark's principal interests in the Clifford trusts to the income beneficiaries thereof did not constitute gifts of future interests because of the resulting mergers and partial terminations of those trusts under Wisconsin law; petitioners' remaining arguments on this issue thus need not be explored.

The second issue is whether petitioners' failure to prove Virginia Clark's consent to gift-splitting precludes half of Arthur W. Clark's 1964 gifts from being considered as having been made

by her under the gift-splitting provisions of section 2513.[11] Resolution of this issue affects computation of Arthur W. Clark's taxable gifts for the years in issue due to section 2502's cumulative method of computing the gift tax. Only Arthur W. Clark filed a gift tax return for 1964.

Section 2513(a)(2) and (b)(1) required, for the years in issue, that both spouses must consent to gift-splitting and signify their consent in such manner as the Secretary's regulations prescribe. Section 25.2513-2(a), Gift Tax Regs.,[12] promulgated under section 2513(b)(1), provided for the years in question, in part, that "If only one spouse files a gift tax return within the time provided for signifying consent, the *consent* of both spouses shall be signified on that return." (Emphasis added.)

Respondent contends that we should follow the case of *Edwin L. Jones*, 39 T.C. 734 (1963), revd. 327 F. 2d 98 (4th Cir. 1964).

---

[11] Sec. 2513 provided during the years in question, in part, as follows:

SEC. 2513. GIFT BY HUSBAND OR WIFE TO THIRD PARTY.

(a) CONSIDERED AS MADE ONE-HALF BY EACH.—

(1) IN GENERAL.—A gift made by one spouse to any person other than his spouse shall, for the purposes of this chapter, be considered as made one-half by him and one-half by his spouse * * *

(2) CONSENT OF BOTH SPOUSES.—Paragraph (1) shall apply only if both spouses have signified (under the regulations provided for in subsection (b)) their consent to the application of paragraph (1) in the case of all such gifts made during the calendar year by either while married to the other.

(b) MANNER AND TIME OF SIGNIFYING CONSENT.—

(1) MANNER.—A consent under this section shall be signified in such manner as is provided under regulations prescribed by the Secretary or his delegate.

(2) TIME.—Such consent may be so signified at any time after the close of the calendar year in which the gift was made, subject to the following limitations—

(A) the consent may not be signified after the 15th day of April following the close of such year, unless before such 15th day no return has been filed for such year by either spouse, in which case the consent may not be signified after a return for such year is filed by either spouse;

(B) the consent may not be signified after a notice of deficiency with respect to the tax for such year has been sent to either spouse in accordance with section 6212(a).
* * *

(d) JOINT AND SEVERAL LIABILITY FOR TAX.—If the consent required by subsection (a)(2) is signified with respect to a gift made in any calendar year, the liability with respect to the entire tax imposed by this chapter of each spouse for such year shall be joint and several.

[12] Sec. 25.2513-2. Manner and time of signifying consent.

(a) Consent to the application of the provisions of section 2513 with respect to a calendar year shall, in order to be effective, be signified by both spouses. If both spouses file gift tax returns within the time for signifying consent, it is sufficient if—

(1) The consent of the husband is signified on the wife's return, and the consent of the wife is signified on the husband's return;

(2) The consent of each spouse is signified on his own return; or

(3) The consent of both spouses is signified on one of the returns.

If only one spouse files a gift tax return within the time provided for signifying consent, the consent of both spouses shall be signified on that return. * * *

In *Jones* we stated, at pages 741 and 742, that for section 2513 to be applicable two statutory conditions must be met, namely, (1) there must be the requisite consent, and (2) this consent must be signified on the return. Both this Court and the Fourth Circuit agreed that the first statutory condition of consent had been met. However, we held as to the second condition that there was no signification of consent on the return so that taxpayer's case must fail. The Fourth Circuit in overruling this Court held that consent may be signified in a reasonable manner and that upon a consideration of all of the facts in the case there was the requisite signification of consent on the return.

This case is distinguishable from *Jones* because we do not reach the question of what constitutes signification of consent since petitioners have failed to meet the first statutory condition of requisite consent. They have presented no evidence whatever that Virginia Clark consented to gift-splitting with her husband, except an amended 1964 gift tax return filed by Arthur W. Clark some 8 years late in 1973, after the statutory notice of deficiency had been issued, which we find to be of no weight.

Since consent has not been proved in this case, we hold that Arthur W. Clark is not entitled to have half of his 1964 gifts considered as having been made by Virginia Clark under section 2513.

The final issue is whether respondent is barred by the statute of limitations or estopped from recomputing the amount of gifts made by Arthur W. Clark during tax years before 1967, for which the statute of limitations has expired, in determining the amount of taxable gifts made in 1967 and later tax years, for which the statute of limitations has not expired. Our holding above denying the benefits of section 2513 for 1964 requires that this issue still be resolved, as computations in Arthur W. Clark's 1964 and subsequent gift tax returns were based on the incorrect assumption that one-half of his 1964 gifts could be treated as having been made by Virginia Clark.

The statute and regulations clearly contemplate that gifts made in earlier tax years will be taken into account in computing the amount of taxable gifts made in later taxable years. Secs. 2502, 2504; secs. 25.2502-1, 25.2504-1, Gift Tax Regs. Furthermore, it is well settled that respondent may redetermine gifts made in prior closed years in computing the tax due for gifts made in later open years. *Commissioner v. Disston*, 325 U.S. 442,

449 (1945); *Fred A. Berzon*, 63 T.C. 601, 620 (1975); *Genevieve U. Gilmore*, 20 T.C. 579, 586 (1953), revd. on other grounds 213 F. 2d 520 (6th Cir. 1954). It is also well settled that "the Commissioner is not estopped to change his determination as to the legal effect of a given transaction." *Gaylord v. Commissioner*, 153 F. 2d 408, 416 (9th Cir. 1946); accord, *Estate of Thomas E. Steere*, 22 T.C. 79, 82 (1954), affd. sub nom. *Rhode Island Hospital Trust Co. v. Commissioner*, 219 F. 2d 923 (1st Cir. 1955).

We accordingly hold that respondent is not barred by the statute of limitations or estopped from redetermining the amount of gifts made by Arthur W. Clark during tax years before 1967, for which the statute of limitations has expired, in determining the proper amount of taxable gifts for 1967 and later years in question.

Because of our resolution of the first issue considered, no tax is due from Virginia Clark for years for which the statute of limitations has expired, and we need not reach her contention that respondent is barred by the statute of limitations or estopped from asserting deficiencies against her for those years.

We have examined the parties' other contentions, and we find them unconvincing.

> *Decision will be entered under Rule 155 in docket No. 3253-73.*

> *Decision will be entered for the petitioner in docket No. 3296-73.*