Edwin L. JONES, Petitioner,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 9042.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 3, 1963.

Decided Jan. 8, 1964.

H. Haywood Robbins, Charlotte, N. C.,
for petitioner.

Robert J. Golten, Atty., Dept. of Justice
(Louis F. Oberdorfer, Asst. Atty. Gen.,
and Meyer Rothwacks, Atty. Dept. of Jus-
tice, on brief), for respondent.

Before SOBELOFF, Chief Judge, and
HAYNSWORTH and BRYAN, Circuit
Judges.

ALBERT V. BRYAN, Circuit Judge.

Gift taxes for 1956 and 1957 were as-
sessed by the Commissioner of Internal
Revenue against Edwin L. Jones in the
sum of $10,117.13 because on his returns,
otherwise unexceptionable, the taxpayer's
wife had not *signed* in the place provid-
ed for the purpose of showing her con-
sent that his gifts "be considered made
one-half by him and one-half by his
spouse." This advantage is accorded a
taxpayer by § 2513 of the 1954 Internal
Revenue Code, and by Gift Tax Regula-
tions § 2513-2(a), if such consent is
*"signified"* on the return.

No taxes whatsoever would have
been assessable, it is agreed, if the gifts
listed in the returns could be split be-
tween taxpayer and his spouse as allow-
ed by the statute, inasmuch as no donee
received more than the permissible annu-
al exclusion. The Tax Court sustained
the Commissioner's determination. Our
opinion is that the wife's consent was
"signified", and so we reverse.

As the wording of the statute and
regulations are quite material we quote
them all:

Internal Revenue Code of 1954:

"§ 2513. Gift by husband or wife
to third party

"(a) Considered as made one-half
by each.—

"(1) In general.—A gift made by
one spouse to any person other than
his spouse shall, for the purposes of
this chapter, be considered as made

one-half by him and one-half by his spouse * * *.

"(2) Consent of both spouses.— Paragraph (1) shall apply only if *both spouses have signified* (under the regulations provided for in subsection (b)) their consent to the application of paragraph (1) in the case of all such gifts made during the calendar year by either while married to the other.

"(b) Manner and time of signifying consent.—

"(1) Manner.—A consent under this section shall be *signified* in such manner as is provided under regulations prescribed by the Secretary or his delegate.

"(2) Time.—Such consent may be so *signified* at any time after the close of the calendar year in which the gift was made, subject to the following limitation—

"(A) the consent may not be signified after the 15th day of April following the close of such year * * *.

\* \* \* \* \* \*

"(d) Joint and several liability for tax.—

"If the consent required by subsection (a) (2) is *signified* with respect to a gift made in any calendar year, the liability with respect to the entire tax imposed by this chapter of each spouse for such year shall be joint and several." (26 U.S.C. § 2513, 1958 ed.) (Accent ours.)

The Treasury Regulations on gift tax are quoted below:

"SEC. 25.2513–2. Manner and time of signifying consent.

"(a) Consent to the application of the provisions of Section 2513 with respect to a calendar year shall, in order to be effective, be *signified* by both spouses. If both spouses file gift tax returns within the time for signifying consent, it is sufficient if—

"(1) The consent of the husband is signified on the wife's return, and

the consent of the wife is signified on the husband's return;

"(2) The consent of each spouse is signified on his own return; or

"(3) The consent of both spouses is signified on one of the returns. *If only one spouse files a gift tax return within the time provided for signifying consent, the consent of both spouses shall be signified on that return.* \* \* \*" (Accent ours.)

Fundamental and underlying in the interpretation of the statute and regulations are these considerations: (1) nowhere, save on the return itself, is it required that the other spouse, here the wife, *sign* the return; (2) nowhere is it stipulated that her consent can be signified *only by her;* and (3) nowhere is it stated that the signification can be evidenced *only by her signature.*

The facts, undisputed in any particular, plainly manifest that her consent to the split-gift was signified on her husband's return. In 1954 the taxpayer created a trust with a North Carolina bank for the benefit of his grandchildren and for 1954, 1955, 1956 and 1957 he filed Federal gift tax returns reporting gifts made to this trust. Two of the forms showed additional gifts to taxpayer's two children, but in none of these years was a separate gift tax return made by his wife. The split-gift provision of § 2513 was claimed on each return, all of which were seasonably filed, and on each the taxpayer noted his consent to treatment of the gifts as made equally by himself and his wife. His wife *signed* her consent on every return for these years except 1956 and 1957. In September, 1957 taxpayer received from the Internal Revenue Service a notice that his wife had not signed the 1956 gift tax return. The requisite form seeking her signature was enclosed. She then signed it, but inadvertently the form was not sent back to the Service until November 1958. The Commissioner, quite properly, shows that the notice was sent in error, for it was then too late to assert the claim if it had not already been signified.

On the taxpayer's two returns now in review, 1956 and 1957, were the following questions answered in this way:

"B. Gifts of husband and wife to third parties.—Do you consent to have the gifts made by both you and your spouse to third parties during the calendar year considered as having been made one-half by each of you. [X] Yes [ · ] No (See Section 7 of instructions.)

"If the answer is 'Yes' the following information must be furnished and the consent shown below signed by your spouse.

"1. Name of spouse Annabel L. Jones

"2. Were you married during the entire calendar year? [X] Yes [ ] No

"3. If the answer to 2 is "No", check whether [ ] married, [ ] divorced, or [ ] widowed. Give date . . . . . . . . . . .

"4. Will a gift tax return for this calendar year be filed by your spouse? [ ] Yes, [X] No."

Immediately below this last item is another, which was left uncompleted, as follows:

### "CONSENT OF SPOUSE

"I consent to have the gifts made by both me and my spouse to third parties during the calendar year considered as having been made one-half by each of us.

Date. . . . . . . . . . .      Signature of spouse. . . . . . . . . . . ."

To each return was attached a schedule showing the names of the donees. All of the donations in the 1956 return except two, and all of them with no exceptions on the 1957 return, were shown as made to the bank as trustee. On the second page of each return, the gifts were totaled and from this total was deducted one-half in the line reading "(b) Less portion of items [1 to 10 in the 1956 return and 1 to 8 in the 1957 return] reported by spouse."

Each of these circumstances, and certainly when taken together, we think, unequivocally "signified" the consent of the wife to the donor's assertion of a split-gift. The signification is supported by express inclusion of the consent in the earlier returns. It is staunchly buttressed also by the fact that although, concededly, she had an income in her own right of approximately $15,000.00 per year, she filed no separate returns of the gifts. Furthermore, taxpayer and his wife maintained a joint bank account in which she deposited her income, and from this account the gifts were made or borrowings for the purpose were repaid.

Throughout, the Commissioner emphasizes that the taxpayer's wife did not "sign" the consent. The immediate answer is that no signature was required. If the Congress or Internal Revenue intended to confine signification to signature, they would have so directed, as the Service did in reference to income returns, both individual and joint. Reg. §§ 1.6013–1(a) (2) and 1.6061–1(a). It is also significant that as to gift-splitting the Congress chose to speak on how the consent should be expressed; it did not do so as to income returns. Over and over again both the statute and the regulations avoid the use of the word "sign". This was not an oversight. Studiedly, all that either required was that her consent be "signified", meaning to show clearly or make evident.

The controlling paragraph of the regulation is contained in subsection (a) (3) reading in part that " * * * it is sufficient if—(3) [the] consent of both spouses is signified on one of the returns. If only one spouse files a gift tax return * * * the consent of both spouses shall be signified on that return." Certainly the returns for 1956 and 1957 cannot be read without being unequivocally understood as evincing or signifying the consent of the wife. Observe that this regulation does not say that the other spouse shall signify the consent.

We recognize the preference for having the wife expressly indicate her consent to the gift-splitting claim. If any of the

grave results augured by the Commissioner as consequent upon a spouse's failure to sign the return confronted us, it would be appropriate to resort to a more rigid exaction of a signification. But here the unreality of all of these spectres is exposed. The wife made no gifts, no taxes were assessable against her, and no liability or loss of rights was actually or potentially imposed upon her. Although post-factum, the consent of the wife is attested not only by her but by the taxpayer's accountant and by the bank as well.

 Quite reasonably, silence is normally and frequently taken for consent even in tax cases. Although only applied in income tax cases, an analogy may be drawn from the so-called theory of tacit consent. See Hennen v. Commissioner of Internal Revenue, 35 T.C. 747 (1961). While we do not adopt the principle here, it is worthy of mention for it proves that even a literal exaction of a signature may be satisfied by an implied execution. The Government has held a wife liable on a joint income tax return even though she had not signed it. Kann v. Commissioner of Internal Revenue, 210 F.2d 247 (3 Cir. 1953), cert. denied, 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1109 (1954); Estate of Alfred E. Whitehouse, 24 P-H Memo T.C. ¶ 55, 135. The tacit consent doctrine has been applied, we confess, only to sustain the Commissioner's treatment of a return as joint when one signature is missing or when one signature is supplied by the other spouse, and usually where the transaction was clouded by fraud. See, e. g., Carroro v. Commissioner of Internal Revenue, 29 U.S.Tax Appeals Reports 646 (1933). Whether the return is joint under this theory raises a factual question which depends upon the true intention of the taxpayer. Heim v. Commissioner of Internal Revenue, 251 F.2d 44, 46 (8 Cir. 1959). Presently the intent of all parties to include the consent of the wife on the return, which need only be signified, is abundantly evident.

While taxes are purely impersonal, their claim never dependent upon equities and their collection inevitable, these postulates do not justify, in the circumstances here, an oppressive construction of the statute and regulation to require more than their words demand—that consent be signified in a reasonable manner. The decisions of the Tax Court must be overturned and the deficiency determination set aside.

Reversed.