Henry A. PROESEL and La Salle
National Bank, Trustees, et al.,
Plaintiffs-Appellants,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 78–1072.

United States Court of Appeals,
Seventh Circuit.

Heard Sept. 14, 1978.

Decided Oct. 13, 1978.

Burton W. Kanter, Chicago, Ill., for plaintiffs-appellants.

Richard D. Buik, Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before FAIRCHILD, Chief Judge, and CUMMINGS and WOOD, Circuit Judges.

CUMMINGS, Circuit Judge.

In this lawsuit the trustees of the Frieda Proesel Testamentary Trust sought a $17,711.30 (plus costs and interest) refund of estate taxes and allowance of a deduction for attorneys' fees for prosecuting the claim. The district court granted the Government's motion for summary judgment, resulting in this appeal. We affirm as to the refund.

Mrs. Proesel died on August 12, 1965. The Executor of her Estate consented to "split gift tax" treatment for certain gifts made by Mr. Proesel, as he was authorized to do by her will. He then paid half of the ensuing gift tax liability with funds from the Estate. The question presented by this case is whether the gift taxes paid by the Estate are deductible for estate tax purposes. The key clause in Mrs. Proesel's will is contained in Article III, Section 6(p), which authorizes her Executor

"to join with my husband or with his personal representative in a * * * gift tax return covering any period of time for which such * * * [return has] not been filed by me, and in any manner to otherwise affirm or disaffirm the filing by my husband of a * * * gift tax return covering any period of time for which such * * * [return] may be filed by my husband; and to pay in connection with any such return or returns such taxes, interest and penalties as to my Executor may seem proper, without the necessity of allocating any portion thereof to my husband."

During 1964, Mrs. Proesel's husband, Henry made taxable gifts of real property valued at $429,137.68 for final gift tax purposes. Because of an extension of time granted by the Internal Revenue Service, he did not file the gift tax return until January 3, 1966, several months after his wife's death, pursuant to the split gift provisions of the Internal Revenue Code (26 U.S.C. § 2513).[1] In his gift tax return Mr. Proesel reported that under Section 2513 one-half of the gifts were to be considered as having been made by his deceased wife. On the same day, as Executor of his wife's estate, he filed another gift tax return consenting to the split gift election. The Government concedes that the above-quoted language of Mrs. Proesel's will authorized him to do so, and that Treasury Regulation 25.2513–2(c) (note 14 *infra*) recognizes the validity of such an election of an executor, for gift tax purposes. Mr. Proesel paid on his own behalf $44,955 (plus interest) in gift tax and as Executor he paid the same amount on behalf of his wife's estate.

On the federal estate tax return, Mrs. Proesel's Estate sought to deduct the gift tax and interest paid by the Estate pursuant to the split gift election, as a claim against the Estate under 26 U.S.C. § 2053(a)(3).[2] This was disallowed by the Commissioner of Internal Revenue on the ground that the gift taxes and interest in question were not personal obligations of Mrs. Proesel at the time of her death and therefore did not fall within Section 2053(a)(3). The Estate thereafter paid the additional estate taxes claimed by the Com-

---

1. Section 2513 provides in pertinent part:

"Sec. 2513. Gift by Husband or Wife to Third Party.

"(a) Considered as [M]ade [O]ne-[H]alf by [E]ach.—

"(1) *In general.*—A gift made by one spouse to any person *other than his spouse* shall, for the purposes of this chapter, be considered as made one-half by him and one-half by his spouse, but only if at the time of the gift each spouse is a citizen or resident of the United States. This paragraph shall not apply with respect to a gift by a spouse of an interest in property if he creates in his spouse a general power of appointment, as defined in section 2514(c), over such interest. For purposes of this section, an individual shall be considered as the spouse of another individual only if he is married to such individual at the time of the gift and does not remarry during the remainder of the calendar year.

"(2) *Consent of both spouses.*—Paragraph (1) shall apply only if both spouses have signified (under the regulations provided for in subsection (b)) their consent to the application of paragraph (1) in the case of all such gifts made during the calendar year by either while married to the other.

(b) Manner and time of signifying consent.—

"(1) *Manner.*—A consent under this section shall be signified in such manner as is provided under regulations prescribed by the Secretary.

"(2) *Time.*—Such consent may be so signified at any time after the close of the calendar quarter in which the gift was made, * * *."

2. Section 2053(a)(3) provides:

"*General Rule.*—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—

* * * * * *

"(3) for claims against the estate * * *."

missioner, and the Trustees of Mrs. Proesel's Testamentary Trust filed a claim for refund. After a refund was denied, this suit was commenced.

### Section 20.2053(4) of the Treasury Regulations on Estate Tax Bars the Claimed Deduction.

In the district court, both parties requested summary judgment. As noted, the Government's motion for summary judgment was granted. In the accompanying unreported memorandum opinion and order, the district court held that Mrs. Proesel's Estate may not "deduct from the estate tax return federal gift taxes which were paid by the Executor who was both the donor and the husband of decedent, after he had elected the 'split gift tax' treatment under Section 2513 subsequent to his wife's death and in accordance with the intention expressed in her will." The opinion noted that Section 2513 was designed to equalize beneficial tax treatment of gifts by married couples in common-law jurisdiction such as Illinois with that accorded gifts by married couples in community property states.

The district court refused to grant the requested refund because while Treasury Regulation 20.2053–4 states "Liabilities imposed by law * * * are deductible,"[3] Treasury Regulation 20.2053–6(d) provides that "No portion of the tax attributable to a gift in fact made by the decedent spouse is deductible except to the extent that the obligation is *enforced against the decedent's estate* * * * " (emphasis supplied).[4] The district judge concluded that the gift tax was not enforced against the decedent or her estate, as required by Regulation 20.-2053–6(d), since she was neither the donor nor the donee of the real estate in question.[5] Although an effective consent to "split" the gift under Section 2513 makes the non-donor spouse jointly and severally liable for the full gift tax due,[6] the district court concluded that "no such liability was 'imposed' on the Estate until such time—decidedly after decedent's death—that consent to treat the matter under § 2513 was filed by the executor." Thus the Estate had no gift tax liability within the meaning of Regulation 20.2053–4. For these reasons, plaintiffs were not permitted to take

3. Section 20.2053–4 of the Treasury Regulations on Estate Tax provides:

"The amounts that may be deducted as claims against a decedent's estate are such only as represent personal obligations of the decedent existing at the time of his death, whether or not then matured, and interest thereon which had accrued at the time of death. Only interest accrued at the date of the decedent's death is allowable even though the executor elects the alternate valuation method under section 2032. Only claims enforceable against the decedent's estate may be deducted. Except as otherwise provided in § 20.2053–5 with respect to pledges or subscriptions, section 2053(c)(1)(A) provides that the allowance of a deduction for a claim founded upon a promise or agreement is limited to the extent that the liability was contracted bona fide and for adequate and full consideration in money or money's worth. See § 20.2043–1. Liabilities imposed by law or arising out of torts are deductible."

4. Section 20.2053–6(d) of the Treasury Regulations on Estate Tax provides:

"(d) *Gift taxes.* Unpaid gift taxes on gifts made by a decedent before his death are deductible. If a gift is considered as made one-half by the decedent and one-half by his

spouse under section 2513, the entire amount of the gift tax, unpaid at the decedent's death, attributable to a gift in fact made by the decedent is deductible. No portion of the tax attributable to a gift in fact made by the decedent's spouse is deductible except to the extent that the obligation is enforced against the decedent's estate and his estate has no effective right of contribution against his spouse. (See section 2012 and § 20.2012–1 with respect to credit for gift taxes paid upon gifts of property included in a decedent's gross estate.)"

5. Section 2502(d) of the Internal Revenue Code specifies that gift taxes are the donor's liability. However, Section 6324(b) provides that "[i]f the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift."

6. Section 2513(d) provides:

"Joint and several liability for tax.

"If the consent required by subsection (a)(2) is signified with respect to a gift made in any calendar quarter, the liability with respect to the entire tax imposed by this chapter of each spouse for such calendar quarter shall be joint and several."

the requested deduction under Section 2053(a)(3) of the Internal Revenue Code.[7]

In affirming, we rest our holding on Section 20.2053–4 of the Treasury Regulations on Estate Tax (note 3 *supra*). This Regulation was approved in *United States v. Stapf,* 375 U.S. 118, 132, 84 S.Ct. 248, 11 L.Ed.2d 195, and its legality is not challenged by plaintiffs. The Regulation provides that claims against a decedent's estate are deductible only if they "represent personal obligations of the decedent existing at the time of his death." We agree with the district court that when Mrs. Proesel died in August 1965, she was not liable for any portion of the gift taxes imposed by the Internal Revenue Code on the transfers by her husband in 1964 because she was neither the donor nor the donee of such gifts, nor had she assumed liability for such tax under Section 2513(a)(2) (note 1 *supra*) at the time of her death.[8] Therefore, the $44,955 gift tax paid in January 1966 by her estate did not "represent personal obligations of the decedent existing at the time of [her] death" as required by Section 20.2053–4 of the Regulations.

For a contrary result, plaintiffs argue that the gift taxes paid by Mrs. Proesel's Estate were "Liabilities imposed by law" within the meaning of the last sentence of Section 20.2053–4 (note 3 *supra*) and therefore deductible. In our view, this sentence was meant to show the type of claims that are deductible and was not intended to abrogate the earlier requirement of this Section that the claims are only deductible if they represent personal obligations of the decedent existing at the time of death, whether in respect to contract, tort, tax or any other obligation imposed by law. Moreover, since the liability was assumed by the Estate voluntarily (Br. 17, 23) without any consideration,[9] this gift tax liability was not at the time of Mrs. Proesel's death "enforceable against the decedent's estate" —still another requirement of Section 20.2053–4.

In urging reversal, plaintiffs also rely on the clause "whether or not then matured" in the first sentence of Section 20.2053–4, asserting that the Executor's consent to the application of the split gift provisions should relate back and be given effect as an obligation of the decedent existing at the time of death. We disagree. In context with the rest of this Regulation, the purpose of this phrase is to permit deduction of claims against the estate if they are personal obligations of the decedent existing at the time of death whether or not they were due to be paid at the time of death.

Our interpretation of the Regulation in question is not unduly harsh. Here Mr. Proesel received the benefit of reduced gift tax rates on gifts made prior to the death of his wife even though she died before

---

7. Although the district court denied plaintiffs' claim for an additional estate tax deduction for the attorneys' fees incurred in this litigation, the Government now agrees that the Estate is entitled to a deduction for reasonable attorneys' fees under Section 2053(a)(2) permitting deductions "for administration expenses" (Br. 4, n. 2). Therefore, a remand will be necessary to determine the proper amount of this deduction.

8. Plaintiffs' counsel suggested at oral argument that the holding of the district court, taken together with Section 2513(b) of the Code (note 1 *supra*), presents a "Catch-22" situation. Apparently he meant that because one cannot file the consent until after the end of the calendar quarter in which the gift was made, if one dies before the end of such a quarter his estate loses the ability to deduct any gift taxes it elects to pay under the "split gift" provisions. This is

true, but if this result is perceived as an overwhelming hardship, it would be necessary for Congress to modify Section 2513(b) to allow for consents to be filed as soon as the gift is made. Certainly we may not create a judicial exception to the fundamental requirement of Section 20.2053–4 of the Treasury Regulations—already approved by the Supreme Court in *Stapf, supra*—that only obligations existing at the time of the decedent's death are deductible from the estate.

9. At oral argument, plaintiffs' counsel suggested that a contract enforceable against the Estate might be proved, based on reliance by third party beneficiaries. For the reasons developed *infra,* we reject this as insufficient to create a liability which would support a deduction under Section 2053.

consenting to the split gift provisions.[10] Absent those provisions, Mr. Proesel would have had to pay higher gift taxes, so that the community property aspect of the impact of the gift tax has been realized. This Regulation does not allow an estate tax deduction for a gift tax liability which the decedent remained free not to assume at the time of her death. Otherwise, as the Government states, "the estate tax would be imposed on something other than the transmission of the actual net estate as of the time of death" (Br. 17).

Plaintiffs' principal contention is that if Section 20.2053–4 is construed to bar an estate tax deduction for the late Mrs. Proesel, the provision of Section 20.2053–6(d) (note 4 *supra*), providing for deductibility of unpaid gift taxes when the "split gift" election has been made, would come into play in only two unimportant circumstances (Plaintiffs' Br. 18–20; Reply Br. 9 n. 7).[11] However, since our affirmance is based on Section 20.2053–4, which plainly bars this deduction, we need not consider whether Section 20.2053–6(d) may be of somewhat limited applicability.[12]

*Decedent's Pre-Death Intention to Consent Is Immaterial.*

As an alternative argument, plaintiffs assert that summary judgment should not have been granted to the Government because they can show that decedent had agreed to the split gift treatment of her spouse's 1964 transfers prior to her August 12, 1965, death. They suggest first that they could show an agreement to split the gift which would be enforceable against the Estate. This is based on the theory that since the donees of the real estate were Proesel family members, a third party contract may have been formed for their benefit. But under Section 20.2053–4 of the Treasury Regulations, an agreement must be "for an adequate and full consideration in money or money's worth" to justify an estate tax deduction. This is true even if the agreement is enforceable under state law, as noted in *United States v. Stapf, supra,* 375 U.S. at 131, 84 S.Ct. at 257: "a deduction under § 812(b) [the predecessor of Section 2053] should not be predicated solely on the finding that a promise or claim is legally enforceable under the state laws governing the validity of contracts and wills." In our view, plaintiffs' novel third-party-beneficiary theory, advanced only at oral argument, fails to meet the "money or money's worth" requirement.

The plaintiffs, however, advance still another argument—that the authorization in Mrs. Proesel's will for her Executor to make the election establishes her pre-death con-

---

**10.** Plaintiffs have alleged that our holding will render meaningless the Regulation permitting an executor to consent to "split the gift" (Section 25.2513–2(c), note 14 *infra*). While this is not entirely germane to construing the Regulation before us, we do not in any event accept the plaintiffs' contention. First, they say that splitting the gift will not always result in a lower total gift tax liability. The answer to this, of course, is that in that case the Executor need not make the election. Second, the plaintiffs say that under our holding the Executor will be unable to consent because to do so would be a breach of his fiduciary obligation to the beneficiaries. To the extent that there is such a conflict (and there may not be, if splitting the gift results in no gift tax liability or if the Executor is the sole beneficiary or if the beneficiaries consent), it exists whether or not the gift taxes assumed by the Estate are deductible. It is true that the Estate will be depleted more if the gift taxes are not deductible, but in no event can it be in the beneficiaries' interest for the Estate to undertake to pay gift taxes not otherwise due. Surely a fiduciary's obligation is not measured by the magnitude of the expense he voluntarily incurs.

**11.** In their reply brief, the plaintiffs agree that at least two other examples provided by the Government exist where Regulation Section 20.2053–6(d) as interpreted by the district court would apply (Reply Br. 9–10 n. 7).

**12.** Section 20.2053–6(d) provides for the deductibility of gift taxes on gifts made by the decedent before his death or considered as made one-half each by the decedent and his spouse, under Section 2513. Since we hold that the gift is not "considered as made one-half by the decedent" because no consent was filed before her death, Section 20.2053–6(d) does not apply.

sent. The language in Mrs. Proesel's will [13] on which plaintiffs rely however, did not establish a claim "enforceable against the decedent's estate" as also required by the same Treasury Regulation (Section 20.2053–4). The fact that "The executor * * * of a deceased spouse * * * may signify the consent" (Regulation § 25.2513–2(c)) [14] does not show that Mrs. Proesel had agreed to the split gift treatment. Indeed it reinforces the Government's contention that at the time of her death she did not know whether her Executor would seek split gift treatment, even though he had the authority to do so.

Finally, the plaintiffs urge that the Executor's authorized consent "relates back" to the date of death. However, to make decedent personally liable at the time of her death, as required by Section 20.2053–4 of the Regulations (note 3 *supra*), her consent had to be signified on her husband's return or on her own return, as provided by Section 25.2513–2(c) of the Regulations. Under unchallenged Rev.Ruling 70–600,[15] the consent had to be prior to her death, so that it is immaterial that under Section 25.2513–2(c) the executor of a deceased spouse may later signify the consent. It is also immaterial that Mrs. Proesel may have intended to consent, had she lived.[16]

For these reasons, the district court correctly concluded that there was no genuine issue of material fact needing resolution.

Judgment affirmed as to the estate tax deduction for gift taxes; judgment vacated and cause remanded for determination of plaintiffs' reasonable attorneys' fees.

---

13. Article III, Section 6(p) of the will is set out at p. 296 *supra*.

14. Section 25.2513–2 of the Treasury Regulations on Gift Tax provides in pertinent part:
"(a)(1) Consent to the application of the provisions of section 2513 with respect to a calendar quarter (a calendar year with respect to gifts made before January 1, 1971) shall, in order to be effective, be signified by both spouses. If both spouses file gift tax returns within the time for signifying consent, it is sufficient if—
"(i) The consent of the husband is signified on the wife's return, and the consent of the wife is signified on the husband's return;
"(ii) The consent of each spouse is signified on his own return; or
"(iii) The consent of both spouses is signified on one of the returns.
* * * * * *
"(c) The executor or administrator of a deceased spouse, or the guardian or committee of a legally incompetent spouse, as the case may be, may signify the consent."

15. Rev.Rul. 70–600 provides in pertinent part:
" * * * unpaid taxes are deductible, in accordance with section 20.2053–6(d), where the decedent made the gifts or where he consented *prior to his death* to the split gift treatment of his spouse's transfers." 1970–2 Cum.Bull. 194, 195.

16. The plaintiffs' counsel contended at oral argument that Rev.Ruling 78–27 (1978–3 I.R.B. 11) and *Jones v. Commissioner of Internal Revenue,* 327 F.2d 98 (4th Cir. 1964), establish that consent may sometimes be "signified" other than by the signature of the consenting spouse on the requisite return. He offered to prove that Mrs. Proesel "signified" such consent by demonstrating her intention to file the consent form. The *Jones* case held that when the proper return was filed on time and the signature omitted, apparently inadvertently, this technicality would not invalidate the consent. Rev. Ruling 78–27, on the other hand, held that a timely consent signed for the wife by the husband, as an accommodation to her, was invalid. Both of these situations dealt only with the technical requirements of otherwise timely and valid consents. They provide no authority for equating a consent (through the timely filing of the return) with the bare intention to consent. This result is not unusually harsh. By analogy, a decedent might have manifested an unmistakably clear intent to make a gift, or even have made an enforceable agreement to make a gift. But if the gift is not completed before death, we take it that the plaintiffs would not suggest that the gift could be excluded from the estate, even though it might in fact later be delivered to the intended donee. Similarly, in the present case, death cuts off the decedent's power to transfer the funds at issue (here the gift taxes she might otherwise have elected to pay) out of her estate.